Joan **BLANK** et al., Plaintiffs,

v.

**TALLEY INDUSTRIES, INC.,** et al.,
Defendants.

No. 70 Civ. 4144.

United States District Court,
S. D. New York.

April 18, 1972.

See also, D.C., 53 F.R.D. 9; 53 F.
R.D. 14.

Cowan, Liebowitz & Latman, New
York City, for plaintiffs, by Alan Lat-
man, New York City, of counsel.

Donovan, Leisure, Newton & Irvine,
New York City, for defendant Talley In-
dustries, Inc., by Walter L. Stratton,
New York City, of counsel.

Robert A. Foy, New York City, of
counsel for Merrill Lynch Pierce Fenner
& Smith.

GURFEIN, District Judge.

MEMORANDUM

A subpoena duces tecum having been
served on Merrill Lynch Pierce Fenner
& Smith, requesting the names and last-
known addresses as shown on its records
of the stockholders of General Time Cor-
poration as of the close of business on
April 13, 1970, that firm on its own be-
half and as successor in interest to
Goodbody & Co. requested $570 as costs
before complying.

Treating this request as a timely mo-
tion under Fed.R.Civ.P. 45(b), this
Court denies Merrill Lynch's application.
See United States v. American Optical
Co., 39 F.R.D. 580, 586–587 (N.D.Cal.
1966) (Gignoux, J.). In view of the
number of brokerage firms involved in
the plaintiffs' court-ordered quest for
class members' identities, it would be
unfair to compel the plaintiffs to cover
the costs of the firms' production of in-
formation, which costs when cumulated
would indeed be burdensome. No other
broker has requested reimbursement.
In this class action I do not feel com-
pelled in my discretion to require plain-
tiffs to pay the expenses of Merrill
Lynch. These expenses are in the na-
ture of overhead expenses necessary for
responding to legitimate court orders in-
volving the customers of stock brokers.
Cf. Control Data Corp. v. International
Business Machines Corp., 68 Civ. 312
(D.Minn.1971) (pre-trial order no. 9,
paragraph 5). Merrill Lynch should
provide the required information on or
before April 26, 1972.

It is so ordered.