See also D.C., 60 F.R.D. 658.

**UNITED STATES of America,**
**Plaintiff,**

v.

**INTERNATIONAL BUSINESS MA-**
**CHINES CORPORATION,**
**Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York,
Civil Division.

Feb. 5, 1974.

Raymond M. Carlson, Grant Moy, Peter H. Goldberg, Dept. of Justice, Antitrust Div., Washington, D. C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

Nickerson, Kramer, Lowenstein, Nessen, Kamin & Soll, New York City (Eugene H. Nickerson, Thomas H. Moreland, New York City, of counsel), for movant.

## MEMORANDUM

EDELSTEIN, Chief Judge:

Pursuant to Pretrial Order No. 12 the parties in the above captioned action served a subpoena duces tecum and ad testificandum on Mathematica, Inc. (Mathematica). The subpoena, returnable January 16, 1974, commanded an officer of Mathematica to appear at a deposition and to bring with him documents listed in schedules attached to said subpoena.

Pursuant to Fed.R.Civ.P. 45(b) and Pretrial Order No. 12, Mathematica moved for an order modifying and conditioning the subpoena by:

(1) adjourning the return date of the subpoena to April 16, 1974;

(2) granting Mathematica reimbursement by the parties of its reasonable costs incurred in complying with the subpoena; and

(3) entering a protective order, in the form annexed to the moving affidavit as Exhibit "B", with respect to all answers and documents served in response to the subpoena.

The motion was made returnable by the court on January 18, 1974. On the return date counsel for Mathematica reported to the court that it was withdrawing that branch of its motion asking for a lengthy extension of the subpoena return date and that it would submit its application for a protective order and costs on the papers filed.

■ Mathematica's application for a protective order requests, *inter alia* that "[a]ll answers to the subpoena received by the clerk of court shall be segregated from all other records in this action and shall not be disclosed by the clerk to any one other than those" engaged in or assisting in the preparation and trial of this litigation.[1] This request is wholly inconsistent with both the letter and spirit of the Publicity in Taking Evidence Act, 15 U.S.C. § 30 (1970). Consequently, Mathematica's application for a protective order is denied. It should be noted that this court on January 28, 1974 entered Pretrial Order No. 13, which grants certain protection to the nonparty witnesses in this litigation and which also sets forth a procedural scheme whereby the nonparty witnesses may petition the court for further relief.[2]

---

1. *See* Appendix A to this memorandum for a copy of Mathematica's proposed Protective Order.

2. Pretrial Order No. 13 provides as follows:

WHEREAS, the parties are engaged in a deposition program which involves the production of documents by, and the taking of testimony by oral deposition from, hundreds of nonparty witnesses; and

WHEREAS, substantial amounts of trade secret or other confidential research, development, or commercial information may be produced by these nonparty witnesses; and

WHEREAS, a number of such nonparty witnesses have applied to the Court for an order limiting the disclosure of such trade secret or other confidential research, development, or commercial information; and

WHEREAS, The Publicity in Taking of Evidence Act, 15 U.S.C. § 30 requires that all depositions in this action be open to the public as freely as are trials in open court; and

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances;

IT IS HEREBY ORDERED THAT:

1. Confidential information of the type recognized by Fed.R.Civ.P. 26(c)(7) produced by a nonparty to or for either of the parties shall be governed by this Or-

The next branch of Mathematica's motion relates to the cost of complying with the subpoena. Fed.R.Civ.P. 45(b) provides, in relevant part, as follows:

A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein; but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, *may . . . (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, document, or tangible things.* (emphasis added).

Mathematica has made a timely application under the provision set out above for the reasonable expenses of complying with the subpoena. In support of this application it cites to cases in which courts have granted costs to nonparty witnesses subpoenaed by parties to an action. *See, e. g.,* Collins and Aikman Corp. v. J. P. Stevens & Co., 51 F.R.D. 219, 221 (D.S.C.1971); Novak v. General Electric Co., 10 Fed.Rules Serv.2d 45b.31, Case 2, at 1177, 1179 (S.D.N.Y. 1967). Additionally, Mathematica contends it "will receive no benefit as a result of compliance with the subpoena, while the information provided will be of direct benefit to both parties in this litigation."

■ It should be noted that the "advancement" of costs provision of Rule 45(b)(2) is committed to the sound discretion of the court. *See, e. g.,* Blank v. Talley Industries, Inc., 54 F.R.D. 627 (S.D.N.Y.1972). In exercising my discretion it is necessary not only to consider the instant motion but the entire nonparty deposition program in this litigation.

■ Pretrial Order No. 12 contemplates that the parties will take approximately 2400 depositions of companies in the electronic data processing industry. This massive discovery process is intended to provide economic data and other information essential to the proper

---

der and may not be used by either plaintiff or defendant for any business, competitive, or governmental purpose or function other than in connection with this litigation, or as otherwise necessitated by law, or as further ordered by this Court.

2. Any nonparty which desires to bring itself within the protection accorded by paragraph one (1) above, shall designate in writing the documents or portions thereof which it considers confidential at the time such documents are produced.

3. Only those persons who are employed in the preparation or trial of this action shall be accorded access to such information.

4. All such information shall be kept in secure, segregated facilities and access to those facilities shall be permitted only to persons employed in the preparation or trial of this action.

5. Each person permitted access to information subject to this Order shall, prior to or immediately upon being afforded such access, sign an affidavit stating that he has read and understands the terms of this Order and that he shall abide by them.

IT IS FURTHER ORDERED that all depositions in this action shall be open to the public as required by 15 U.S.C. § 30;

PROVIDED THAT if at any time prior to or during the taking of a deposition a nonparty witness objects to the public disclosure of any information specifically designated by the witness as being confidential, the deposition shall continue as to all matters not so designated by the witness. As to those matters specifically designated by the witness as being confidential, the deposition may be adjourned or recessed upon the consent of the witness that he will reappear at an agreed upon date. The witness may thereupon move this Court for such relief as he deems necessary. Any such motion shall be made in conformance with the Federal Rules of Civil Procedure, the Rules of the United States District Court for the Southern District of New York and Amended Pretrial Order No. 12 in this action (copy attached).

IT IS FURTHER PROVIDED that the terms of this Order shall in no way affect the rights of any person to seek whatever relief is available under the Federal Rules of Civil Procedure.

resolution of this action, which has been characterized as one of the most important and complex antitrust cases in history. Undoubtedly, each of the nonparty deponents will incur some expenses in complying with the subpoenas. This expense will be offset, at least in part, by the tendering of statutory witness and mileage fees to each subpoenaed company by the parties. Additionally, the burden on the deponents will be minimized since the parties have endeavored to take the depositions in locations convenient to the subpoenaed companies. The court has approved this practice with the proviso that the locations chosen be open to the public as mandated by the Publicity in Taking Evidence Act, 15 U.S.C. § 30 (1970). Taking these factors into account, the court has decided that it should exercise its discretion by denying the application for costs. Although Mathematica asserts that it has no interest in this litigation, it seems clear to this court that all citizens have an interest in the correct resolution of this action. This is not an action between private litigants seeking to resolve personal grievances. It is a major antitrust suit brought on behalf of all the people. Moreover, it cannot be overlooked that the movant and other members of the electronic data processing industry must necessarily be most affected by the final judgment in this case.

Although Mathematica cites to a number of cases in which parties have been required to pay the costs incurred by nonparties in complying with a subpoena, none of these cases is comparable to the instant litigation. In a case more analogous to the situation at bar, Judge Gurfein denied an application for costs from a subpoenaed nonparty. Blank v. Talley Industries, Inc., 54 F.R.D. 627 (S.D.N.Y.1972). See United States v. American Optical Co., 39 F.R.D. 580, 586–587 (N.D.Cal.1966) (per Gignoux, D. J.).

Mathematica's application for costs is denied.

So ordered.

## APPENDIX A

### Protective Order

Having heard argument concerning the need for a protective order with respect to answers submitted in response to the superseding subpoena duces tecum to Mathematica, Inc., dated December 20, 1973 (the "subpoena"), and issued pursuant to the court's pretrial order dated December 11, 1973 (the "order), it is hereby

(1) Ordered that answers to the subpoena, including documents or other writings given in response, shall be available only for examination by counsel for the parties to this litigation, by a limited number of employees engaged in working for the parties on the litigation, and by outside experts retained by the parties, the names of the employees and experts to be designated in writing by counsel for the parties and furnished to Mathematica and filed with the clerk of court forthwith.

(2) The distribution of the answers to the subpoena shall be limited as follows:

(a) Each of the parties may make the said answers available only to its counsel and to not more than 15 of its non-clerical employees who are employed full-time on the current litigation, and, further, IBM shall establish a procedure whereby no employee working full-time on the litigation shall be transferred to any other position within it except upon 15 days notice to Mathematica and upon review and determination by the Vice-President and General Counsel of IBM that such transfer will in no way jeopardize the interests of Mathematica.

(b) The parties may make the said answers available to such outside ex-

perts as they deem reasonably necessary, provided that any such expert shall first agree in writing to be bound by this Protective Order and not to use any information shown to them in the course of said expert's business or for any business purpose of said expert.

(3) All answers to the subpoena received by the clerk of court shall be segregated from all other records in this action and shall not be disclosed by the clerk to any one other than those designated in and pursuant to paragraphs # 1 and 2 of this Protective Order.

(4) No answer or any portion thereof shall be used by either of the parties or on behalf of either party for business or competitive purposes or for any purpose whatsoever other than for the preparation and trial of this action. Before any individual is furnished any of the answers by either of the parties such individual shall sign an affidavit agreeing to be bound by the provisions of this Protective Order.

(5) If, at the time of trial, counsel for either party intends to introduce into evidence any answer to the subpoena, he shall so inform this court as far in advance as possible and this court will take such steps as it shall deem reasonably necessary to preserve the confidentiality of such answer.

(6) All depositions taken in this litigation shall be subject to this Protective Order, provided that the deposition witness and his counsel shall be entitled to examine any answer to the subpoena as shall be shown to them for the purpose of eliciting testimony from such witness, on the condition that such witness and counsel shall agree in writing to be bound by the provisions of this Protective Order.

(7) Upon final termination of this action, including all appeals, outside counsel for the parties shall assemble and return to Mathematica all answers to the subpoena and shall destroy all copies of the answers in their possession. Outside counsel for the respective parties shall be entitled to retain all memoranda embodying information derived from any such answers, but without source identification, and such memoranda shall be used only for the purpose of preserving a file on this case and shall not, without written permission from Mathematica, be disclosed to any other person.

(8) Any individual obtaining access to the answers shall not make copies, or reveal the contents of the documents, or use the information for any purpose other than for the preparation and trial of this litigation.