**UNITED STATES of America,
Plaintiff,**

v.

**INTERNATIONAL BUSINESS MA-
CHINES CORPORATION,
Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York,
Civil Division.

May 3, 1974.

Raymond M. Carlson, Grant G. Moy, Jr., Attys., Dept. of Justice Antitrust Div., Washington, D. C., for plaintiff.

Cravath, Swaine & Moore and Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant.

Cleary, Gottlieb, Steen & Hamilton, New York City, for Burroughs Corp.; James M. Clabault, Vice President, Legal, Burroughs Corp., Detroit, Mich., Fred D. Turnage of Cleary, Gottlieb, Steen & Hamilton, Washington, D. C., of counsel.

Chadbourne, Parke, Whiteside & Wolff, New York City, for Digital Equipment Corp.; Ansel B. Chaplin of Chaplin, Barzun & Casner, Boston, Mass., of counsel.

Richard L. Post, John M. Furlong, Minneapolis, Minn., Philip S. Paul, Waltham, Mass., for Honeywell, Inc.; Robert A. Bicks of Breed, Abbott & Morgan, New York City, of counsel.

W. Foster Wollen, Michael W. Lillie of Shearman & Sterling, New York City, for The National Cash Register Co.

Jerome J. Shestack, M. Richard Kalter, Peter S. Greenberg of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for RCA Corp.; John D. Hill, New York City, of counsel.

Herbert F. Markel, Asst. Gen. Counsel, Sperry Rand Corp., New York City and James R. McAlee, Leonard H. Becker of Arnold & Porter, Washington, D. C., for Sperry Rand Corp.; James E. Riley, Arthur F. Staubitz, Sperry Univac Div., Blue Bell, Pa., of counsel.

John J. Hanson, Donald L. Zachary of Gibson, Dunn & Crutcher, Los Angeles, Cal., for Xerox Corp.; John R. Murphy, Law Department, Xerox Corp., Stamford, Conn., of counsel.

## OPINION

EDELSTEIN, Chief Judge:

Pursuant to Pretrial Order No. 12 the parties in the above captioned action served subpoenas duces tecum and ad testificandum on ten[1] competitors or former competitors of International Business Machines Corporation (IBM). Seven of the ten subpoenaed parties moved before this court for various forms of relief. In the main, three types of relief were requested: (1) advancement of costs for complying with the duces tecum directive of the IBM subpoena, Fed.R.Civ.P. 45(b)(2); (2) quashing or modifying certain portions of the IBM document demand, Fed.R. Civ.P. 45(b)(1); and (3) applications for protective orders, Fed.R.Civ.P. 26(c). The specific requests of the seven nonparty witnesses were as follows:

1. *Burroughs Corporation (Burroughs)*

   (a) Moves to condition compliance with IBM's document demand upon the advancement of costs by IBM.

   (b) Moves for a supplementary protective order.

2. *Digital Equipment Corporation (DEC)*

   Moves for supplementary protective order.

3. *Honeywell, Inc. (Honeywell)*

   (a) Moves to quash paragraphs 8, 14, 15 and 16 of the IBM document demand.

   (b) Moves for a supplementary protective order.

   (c) Moves to make documents responsive to certain items in the joint subpoena subject to its proposed protective order.

4. *The National Cash Register Company (NCR)*

1. The ten competitors served were: Burroughs Corp., Control Data Corp., Digital Equipment Corp., General Electric Co., Honeywell, Inc., National Cash Register Co., RCA Corp., The Singer Co., Sperry Rand Corp. and Xerox Corp.

Moves for a supplementary protective order.

5. *RCA Corporation (RCA)*

(a) Moves for the advancement of costs by both parties.

(b) Moves to quash paragraphs 6, 14, 15 and 16 of the IBM document schedule.

6. *Sperry Rand Corporation (Sperry Rand)*

(a) Moves to quash paragraphs 8, 14, 15 and 16 of the IBM document demand; in the alternative it moves to condition denial of its motion to quash upon IBM's advancing to Sperry Rand its reasonable costs of producing the material sought by paragraphs 8, 14, 15 and 16 of the IBM subpoena.

(b) Moves to require IBM to advance to Sperry Rand its reasonable costs of complying with the IBM subpoena, if and to the extent that such costs are awarded any other person responding to the IBM subpoena.

(c) Moves for a supplementary protective order.

(d) Moves to stay enforcement of the IBM subpoena against Sperry Rand pending disposition of Sperry Rand's motion.

7. *Xerox Corporation (Xerox)*

(a) Moves to quash paragraphs 14, 15 and 16 of the Schedule of Documents demanded by IBM.

(b) Moves for a supplementary protective order.

(c) Move to stay enforcement of paragraphs 14, 15 and 16 of the IBM subpoena pending disposition of its motion for a protective order.

*Costs*

All motions for the advancement of costs are denied. The advancement of costs as a condition for the denial of a motion to quash is committed to the sound discretion of the court. *See, e. g.,* Blank v. Talley Industries, Inc., 54 F.R.D. 627 (S.D.N.Y.1972). In an earlier opinion on this question the court exercised its discretion by denying an application for costs. United States v. International Business Machines Corp., D.C., 62 F.R.D. 526 (1974) (memorandum opinion on the application of Mathematica, Inc.). At that time the court stated:

Pretrial Order No. 12 contemplates that the parties will take approximately 2400 depositions of companies in the electronic data processing industry. This massive discovery process is intended to provide economic data and other information essential to the proper resolution of this action, which has been characterized as one of the most important and complex antitrust cases in history. Undoubtedly, each of the nonparty deponents will incur some expenses in complying with the subpoenas. . . . Although Mathematica asserts that it has no interest in this litigation, it seems clear to this court that all citizens have an interest in the correct resolution of this action. This is not an action between private litigants seeking to resolve personal grievances. It is a major antitrust suit brought on behalf of all the people.

*Id.* at 528–529. Subsequently, this court has denied similar motions by many other nonparty witnesses.[2] The motions currently before the court differ from those already decided only in degree, not in kind. The only distinction between these movants and the prior applications

2. Applicon Inc. (Feb. 5, 1974) ; United Telecommunications, Inc. (Feb. 5, 1974) ; Alphanumeric Systems, Inc., a division of Volt Technical Corp. (Feb. 6, 1974) ; Computek, Inc. (Feb. 6, 1974) ; Memory Technology, Inc. (Mar. 14, 1974).

for costs by nonparty deponents is that these movants are larger and the subpoenas served on them are more comprehensive. Consequently, the costs for complying are necessarily greater. But this distinction is hardly a basis for treating the movants currently before the court differently from the previous applicants. In this regard, the observation made by Judge Weinfeld almost twenty-two years ago should be noted:

> Inconvenience is relative to size. Any witness who is subpoenaed suffers inconvenience. An individual operating a small business, for example, or a corporation operated by a sole shareholder, may suffer, in like circumstances, more inconvenience than [a major corporation] with . . . thousands of employees. But this inconvenience, whether suffered by witnesses, grand jurors, or jurors, is part of the price we pay to secure . . . the enforcement of our laws.

Application of Radio Corporation of America, 13 F.R.D. 167, 172 (S.D.N.Y. 1952). Although the costs of complying with the subpoena are larger for the movants currently before the court, these movants have greater resources to bear these costs.

■ Additionally, as this court said in denying Mathematica's application for costs, "it cannot be overlooked that the movant and other members of the electronic data processing industry must necessarily be most affected by the final judgment in this case." United States v. International Business Machines Corp., at 529, 69 Civ. 200 (S.D.N.Y., Feb. 4, 1974). RCA asserts that this rationale is inapplicable to it because it is no longer in the general purpose computer business. Even assuming *arguendo* that RCA is not in the electronic data processing industry at all,[3] this would not excuse it from providing relevant evidence. It is a firmly rooted principle in our Anglo-American jurisprudence that, unless specially privileged, every individual must give testimony when properly summoned. 8 J.Wigmore, Evidence §§ 2190–2192. This principle flows from the maxim that the public has a right to "every man's evidence." *Id.* § 2192. Whether costs are allowed for this evidence is governed by Fed.R. Civ.P. 45(b)(2), which, as stated earlier, commits that decision to the sound discretion of the court. For the reasons stated above the court has exercised that discretion by denying all applications for costs. The court sees no reason to make an exception for RCA.

Furthermore, RCA contends that requiring it to absorb the costs of complying with the subpoena "would constitute a taking of RCA's property without due process in violation of the Fifth Amendment." Memorandum of Points and Authorities In Support of Motion of RCA Corporation to Quash Subpoena Duces Tecum and Ad Testificandum at 5. This argument is without merit. As repeatedly stated Rule 45(b)(2) commits a decision regarding the advancement of costs—as a condition for denying a motion to quash—to the sound discretion of the court. Under RCA's due process argument there would be no discretion in regard to this matter. The court would be compelled to grant costs. Consequently, this argument must also be rejected.

Accordingly, all motions for costs are denied.

*Motions to Quash*

■ RCA alone moved to quash paragraph 6 of the IBM schedule, which calls for the production of:

> All documents discussing, describing or relating in any way to the preparation of any response to Part I **, and such documents as will show

---

3. RCA only alleges that it is no longer in the general purpose computer business. It does not assert that it is no longer in the electronic data processing industry in some other capacity. Accordingly, the contention that RCA will be unaffected by the result in this case is not precisely correct.

the names of all persons who worked on or were consulted in any way in connection with such response.

RCA contends that this paragraph calls for the production of privileged material and attorney client work product. Additionally, it asserts that the paragraph requires the creation of new documents. RCA is, of course, free to withhold any document which it claims to be privileged. With respect to RCA's assertion that paragraph 6 requires the creation of new documents, the court is of the view that the only new document required is a list of persons who worked on the response to Part I of the schedule of documents. This demand is neither so burdensome nor so oppressive as to require quashing of paragraph 6. Accordingly, RCA's motion to quash paragraph 6 is denied.

Honeywell, Sperry Rand, Xerox and RCA all move to quash paragraphs 14, 15 and 16 of the IBM schedule. In addition, Honeywell and Sperry Rand move to quash paragraph 8 of the IBM demand. These four paragraphs (8, 14, 15 and 16) have been the subject of much debate between the movants and the parties. Sperry Rand suggested a compromise proposal with respect to these paragraphs. Under its proposal the objecting nonparties would first produce all documents responsive to the Government subpoena and then IBM would revise its request in light of the production to the Government. IBM vigorously opposed the Sperry Rand proposal. It claimed that there was insufficient time to invoke a bifurcated approach in view of the Schedule for Completion of Discovery. At oral argument, however, IBM agreed to attempt to work out a compromise with the four nonparty deponents opposed to paragraphs 8, 14, 15 and 16. On April 25, 1974 the court received a copy of IBM's compromise proposal, which is set out in the margin.[4] Subsequently, the court was informed by counsel for Sperry Rand and Xerox that the IBM proposal was unacceptable.

■ Accordingly, the controversy cannot wait for an amicable resolution by the parties. Consequently, the court in the exercise of its broad discretion in controlling pretrial discovery has adopted a plan to resolve the controversy regarding paragraphs 8, 14, 15 and 16. This plan draws upon features from both the original Sperry Rand proposal and from the IBM compromise proposal. The plan is as follows:

(1) On or before May 24, Honeywell, RCA, Sperry Rand and Xerox will produce all documents responsive to paragraphs 14, 15 and 16 (and paragraph 8 for Honeywell and Sperry Rand) which are contained in files from which these nonparties have produced documents to the Government.

(2) In all other respects the motions to quash paragraphs 8, 14, 15 and 16 of the IBM subpoena are granted without prejudice.

(3) Honeywell, RCA, Sperry Rand and Xerox will produce any documents responsive to paragraphs 38–49 (38–51 for RCA) of the Department of Justice demand on or before May 24.

(4) On or before June 3, IBM may serve a new subpoena containing modifications of paragraphs 8, 14, 15 and 16 so as to more specifically designate what

4. The IBM proposal stated as follows:

(1) On or before May 17, Honeywell, RCA, Sperry Rand and Xerox (the "respondents") will produce all documents responsive to paragraphs 8, 14–16 which (a) are contained in files from which respondents have produced documents to the government or (b) are otherwise readily available.

(2) Respondents will produce any documents responsive to paragraphs 38–49 (38–51 for RCA) of the Department of Justice Demand on or before May 17. Within ten days thereafter, IBM will designate with appropriate specificity which additional documents respondents shall produce. Respondents shall promptly produce such additional documents specified by IBM.

(3) Except as specified in (1) and (2) IBM will withdraw paragraphs 8, 14–16 of its Demand.

documents it seeks in light of the production ordered by paragraph (3) above.

(5) Honeywell, RCA, Sperry Rand and Xerox may seek any appropriate relief with respect to any new subpoena served by IBM on or before June 3.

*Protective Order*

The court has entered an amended Pretrial Order No. 13.

*Miscellaneous Motions*

Sperry Rand and Xerox have moved to stay enforcement of the IBM subpoena, in whole or in part, pending disposition of the instant motions. Since IBM and the Government have voluntarily agreed to continue the return date of the subpoenas pending decision on these motions, it is unnecessary for the court to rule on any specific stay applications.

Honeywell has moved to make certain paragraphs of the joint subpoena subject to its proposed protective order. This motion is denied as premature. Additionally, the Honeywell proposed protective order was withdrawn in favor of a joint proposal by the six nonparties which have requested a supplementary protective order.

So ordered.