Kushre **GHANDI** et al., Plaintiffs,

v.

The **POLICE DEPARTMENT OF the CITY OF DETROIT** et al., Defendants.

Civ. A. No. 4–72019.

United States District Court, E. D. Michigan, S. D.

April 11, 1975.

Jay C. Carlisle, II, New York City, for plaintiffs.

William Ibershof, Asst. U. S. Atty., Detroit, Mich., for F. B. I., Atty. Gen., USA, and others.

Peter A. Letzmann, Detroit, Mich., for defendants, Police Dept., City of Detroit.

## MEMORANDUM OPINION AND ORDER

KEITH, District Judge.

This is an action for injunctive relief and damages for alleged violations by the defendants of the plaintiffs' constitutional rights. Jurisdiction is based on 28 U.S.C. § 1343(1), (3), and (4).

There are two motions presently before the Court. The defendants Saxbe, Kelley, Fayette, Robinson, Mercado, Minogue, Ball, and Three Unknown Agents of the F. B. I. have filed a motion to dismiss for failure to state a claim or in the alternative for summary judgment. A similar motion to dismiss or in the alternative to grant summary judgment has also been filed on behalf of the defendant Police Officers of the City of Detroit, the Police Department of the City of Detroit and Philip Tannian, Commissioner of the Detroit City Police Department.

In the motion filed on behalf of the defendant Police Officers, et al., the defendants claim that the search, the only conduct allegedly complained of against them, was done pursuant to a valid search warrant. Because plaintiffs allegedly failed to make any factual allegations showing that the defendants had constructive or direct knowledge of the invalidity of the warrant, defendants Saxbe, et al., claim that plaintiffs have failed to state a claim under §§ 1985(3) and 1986, and that plaintiffs' suit against the defendant F. B. I. is barred by sovereign immunity. Considering the extra-pleading material which has been put before the Court,[1] and treating both motions as Motions for Summary Judgment

---

1. Plaintiffs have attached to their original complaint a copy of a search warrant dated June 20, 1974, and affidavits from thirteen individual plaintiffs.

under F.R.Civ.P. 56, it is the opinion of this Court that, with the exception of the F. B. I., defendants are not entitled to judgment as a matter of law.[2]

In plaintiffs' Supplementary Memorandum of Law in Support of the First Amended Complaint filed herein, it is stated that each plaintiff is a member of a socialist political organization known as the National Caucus of Labor Committees. In their Complaint and their Amended Complaint, plaintiffs allege that the city and federal defendants were engaged in a conspiracy to deprive plaintiffs of their rights under the First through Ninth Amendments to the United States Constitution, in violation of 42 U.S.C. §§ 1983, 1985(3), and 1986. More specifically, plaintiffs allege that defendant Higgens, an alleged confidential informant of the F. B. I., pursuant to orders from other named defendants attempted to infiltrate the USLP, and did succeed in becoming a candidate for the USLP as Michigan State Representative from the 62nd District. Plaintiffs further allege that defendant Higgens used this candidacy, pursuant to a common plan, to misrepresent the philosophy of the USLP and to prejudice the voting residents against plaintiffs' constitutional rights.

According to the facts as alleged in the original complaint, defendant Higgens, as part of a prearranged plan, informed the Federal Bureau of Investigation that plaintiffs were holding him against his will. A search warrant, a copy of which is attached to both plaintiffs' complaint as well as to defendant Police Officers' brief, was allegedly obtained for the purpose of seizing defendant Higgens at the Detroit offices of the USLP. The complaint further states that on June 20, 1974, a number of the defendants (both Detroit policepersons and F. B. I. agents) appeared at the USLP offices, but contrary to the scope and purpose of the warrant, the defendants seized numerous items which were neither contraband, evidence of a crime, or listed in the warrant. Plaintiffs alleged that these acts were committed with direct or constructive knowledge of other defendants and pursuant to a conspiracy.

██ In their motion to dismiss or for summary judgment, defendant Police Officers, et al., admit they assisted in the search of the USLP Headquarters but claim that what they did was on the authority of a search warrant. Defendants, as the moving party, bear the burden of showing the absence of any genuine issue as to all material facts. In that defendants have failed to submit any affidavits supporting their contention that their activities were lawful and within the scope of a valid warrant, they have done nothing to rebut the allegations in plaintiffs' complaint. Whether defendants seized property belonging to the plaintiffs, or whether defendants were at all times acting within the scope of a valid search warrant are both questions to which each side appears to assert different answers. Defendants, therefore, have failed to convince this Court that there is no genuine issue of material fact and that, as a matter of law, they should prevail simply on the basis of the information presently before the Court.

█ Similarly, with regard to the motion on behalf of defendant Saxbe, et al., the defendants have failed to meet their burden of showing that the acts complained of were committed in good

---

2. Under the standards for disposing of a motion to dismiss, this Court would reach the same conclusion and deny defendants' the relief requested. Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1965). Specifically, with regard to the contention of defendants Saxbe, et al., that plaintiffs have failed to state claim against the federal defendants under 42 U.S.C. §§ 1985(3) and 1986, this Court finds that the plaintiffs' complaint states with sufficient particularity a cause of action upon which relief can be granted against the federal defendants.

388

faith and within the scope of their authority. Sparrow v. Goodman, 361 F. Supp. 566, 585–587 (W.D.N.C.1973). It would, therefore, be premature for this Court to rule on the question of immunity for the actions of either the individual F. B. I. agents or of the other government officials named as defendants. Nevertheless, this Court is of the opinion that plaintiffs' suit against the Federal Bureau of Investigation is barred under the doctrine of sovereign immunity. The Court is, therefore, prepared to grant defendants' motion to dismiss or in the alternative for summary judgment with regard to this one defendant.

It is hereby ordered that the motion of defendant Police Officer, et al., be denied and that the motion of defendant Saxbe, et al., be denied in part and granted as to the defendant F. B. I. in accordance with this Memorandum Opinion.