Kushro GHANDI et al., Plaintiffs,

v.

The POLICE DEPARTMENT OF the CITY OF DETROIT et al., Defendants.

Civ. A. No. 4–72019.

United States District Court,
E. D. Michigan, S. D.

March 14, 1977.

Jay C. Carlisle, II, Faculty of Law & Jurisprudence, State University of New York, Buffalo, N. Y., David K. Wenger, Detroit, Mich., for plaintiffs.

Joseph D. Echelberry, City of Detroit Police Dept., Asst. Corp. Counsel, Detroit Police Dept., Detroit, Mich. for defendant City of Detroit Police Dept.

Barbara A. Babcock, Asst. Atty. Gen., Washington, D.C., Philip Van Dam, U. S. Atty., E. ·Dist. Mich., Frederick S. Van Tiem, Asst. U. S. Atty., David J. Anderson, Chief, Gen. Litigation Section, Elizabeth G. Whitaker, Dept. of Justice, Civ. Div., Gen. Litigation Section, Washington, D. C., for federal defendants, defendant Higgins and the F.B.I.

### MEMORANDUM OPINION AND ORDER MODIFYING PLAINTIFFS' SUBPOENA DUCES TECUM

KEITH, Chief Judge.

On January 27, 1977, the Federal Bureau of Investigation (hereinafter 'Bureau' and 'F.B.I.') filed a motion to quash a subpoena duces tecum for the production of documents on January 31, 1977, served upon it by the plaintiffs in· this action. The F.B.I. is no longer a party defendant in this case, the action having been dismissed as to the F.B.I. on April 11, 1975. *Ghandi v. Police Dep't. of Detroit,* 66 F.R.D. 385 (E.D.Mich. 1975). The Bureau now appears before this Court as a non-party deponent and seeks to quash as improper, oppressive, and irrelevant the subpoena served upon it by the plaintiffs.

■ Plaintiffs' original subpoena was issued by the Clerk of the Court on January 20, 1977, pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure, which provides in part:

The subpoena may command the person to whom it is directed to produce and permit inspection and copying of designated books, papers, documents, or tangible things which constitute or contain matters within the scope of the examination permitted by Rule 26(b), but in that event the subpoena will be subject to the provisions of Rule 26(c) and subdivision (b) of this rule.

This motion to quash is before this Court pursuant to Rule 45(b), which provides:

A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein; but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive or condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things.

In ruling on a motion to quash ·a subpoena duces tecum, the Court is not limited to the remedy of quashing the subpoena, but may so modify it as to remove its objectionable features. *See,* 9 Wright & Miller, Federal Practice & Procedure: Civil § 2457 at 437–438 (1971).

The Court, having allowed briefs in support of and in opposition to this motion, and being duly advised in the premises, is of the opinion that this matter should be decided without an oral hearing, pursuant to Rule IX(j) of the Local Court Rules.

I

■ The F.B.I. objects to the form of the subpoena issued on January 20, 1977. This subpoena was entitled "Civil Subpoena to Produce Document or Object".[1] It was directed to "The Federal Bureau of Investigation", but does not identify a person to be deposed or suggest that the Bureau designate such an individual pursuant to Rule

---

1. District Court Form No. 48 (Rev. 2–57).

30(b)(6).[2] The subpoena commanded the F.B.I. to appear in the United States District Court for the Eastern District of Michigan, Southern Division, at the Federal Building in Detroit, Michigan, at 9:30 a. m., on January 31, 1977, to produce certain specified documents for the inspection and copying of the plaintiffs. There is no proof of service of a notice to take a deposition,[3] and no witness fees were tendered with this subpoena pursuant to Rule 45(c).

■ This subpoena is clearly improper. It suffers obvious defects in form, not the least of which is its command to the F.B.I. to appear at the United States District Court at a time and on a date when no hearing or trial or conference was set to be heard by this Court in this matter. This subpoena should be quashed as improperly served.

■ However, by their response filed on February 8, 1977, the plaintiffs "reissued" their subpoena to cure the procedural defects therein.[4] The second subpoena, issued by the Clerk of the Court on February 8, 1977, is entitled "Deposition Subpoena to Testify or Produce Documents or Things".[5] It is directed to "The Federal Bureau of Investigation (to produce such person pursuant to Rule 30(b)(6) as can testify to the correctness and maintenance of the attached list of documents and materials)", and commands the Bureau to appear at the United States Attorney's Office in the Federal Building in Detroit, Michigan, on February 23, 1977, at 9:00 a. m. to testify on behalf of the plaintiffs at the taking of a deposition in this action. The Bureau is commanded to produce the documents described on an attached List of Materials Subpoenad (sic) from the Federal Bureau of Investigation. This subpoena has a printed paragraph which states:

Any subpoenaed organization not a party to this suit is hereby admonished pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, to file a designation with the court specifying one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and shall set forth, for each person designated, the matters on which he will testify or produce documents or things.

2. Rule 30(b)(6) provides:

A party may in his notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set for, for each person designated, the matters on which he will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

3. A party can compel a non-party to produce books, papers, documents or tangible things only by a subpoena duces tecum issued pursuant to Rule 45 of the Federal Rules of Civil Procedure. *Fisher v. Marubeni Cotton Corp.,* 526 F.2d 1338, 1341 (8th Cir. 1975); *Cooney v. Shipbuilding & Drydock Co.,* 288 F.Supp. 708, 717 (E.D.Pa.1968); 8 Wright & Miller, Federal Practice & Procedure: Civil § 2108 at 392 (1970). Rule 45(d)(1) authorizes the issuance of a subpoena duces tecum for the persons named or described in a notice of deposition by the clerk of the district court for the district in which the deposition is to be taken. Rule 45 may not be invoked to obtain documentary evidence from non-parties prior to trial if the party invoking the rule has no intention of taking the deposition of the person to whom the subpoena is directed. *McLean v. Prudential S. S. Co.,* 36 F.R.D. 421 (D.Va.1965); *Newmark v. Abeel,* 106 F.Supp. 758 (S.D.N.Y.1952).

4. The plaintiffs indicate in their response that had the F.B.I. notified them of the "minor" defects in their original subpoena, they would have corrected them immediately. Pl. Br. at 2. The errors in the January 20th subpoena were not minor, as this Court would have been compelled to quash that subpoena had it not been withdrawn by plaintiffs. The F.B.I. properly moved to have the subpoena quashed since a witness may not disregard a subpoena he has not challenged by a motion to quash, *Haney v. Woodward & Lothrop, Inc.,* 330 F.2d 940 (4th Cir. 1964), but may refuse to comply with a subpoena until his motion to quash has been ruled upon. *Shawmut, Inc. v. American Viscose Corp.,* 11 F.R.D. 562 (S.D.N.Y.1951).

5. District Court Form No. 9 (Rev. 11–73).

The persons so designated shall testify as to matters known or reasonably available to the organization.

Witness fees were tendered with this subpoena, and the subpoena names the individual upon whom it was served. Accompanying the subpoena was a Notice to Produce Documents at taking of deposition. The Court is satisfied that this second, "reissued" subpoena meets the procedural objections raised by the F.B.I. to the subpoena of January 20, 1977. The Court will therefore examine the other objections raised by the Bureau as having been brought against plaintiffs' February 8, 1977, subpoena.

## II

The F.B.I. objects to the production of any material requested by the plaintiffs which is not within the custody or control of the F.B.I.'s Detroit Field Office, citing *Cates v. LTV Aerospace Corp.,* 480 F.2d 620 (5th Cir. 1973) (subpoena issued pursuant to Rule 30(b)(6) and served on Commanding Officer, Dallas Naval Air Station, to obtain Aircraft Accident Report located in Norfolk, Va., which was in the custody of the Secretary of the Navy in Washington, D. C., ordered quashed where Navy regulations provided that document should be sought directly from the Navy Secretary), for the proposition that this Court is without jurisdiction to order a non-party government agency to produce at a pre-trial deposition documents which are not within the control of the particular unit of the agency upon which the subpoena was served. In *Cates v. LTV Aerospace Corp., supra,* the Fifth Circuit stated:

We find nothing in Rule 30(b)(6) which would vest a court issuing a subpoena with the power to require that documents, in the custody or control of the head of an agency located outside the judicial district, be brought into the judicial district. Similarly, a person designated by an organization pursuant to Rule 30(b)(6) could not be required to travel outside of the limits imposed by Rule 45(d)(2). In short, Rule 30(b)(6) provides a procedure to use in determining the proper person to depose. It does not deal with the issue of where the deposition is to be taken or where documents are to be produced. This is reserved to Rule 45(d)(2).

480 F.2d at 623.[6] The conclusion that documents located outside the judicial district

**6.** *Cates v. LTV Aerospace Corp., supra,* has been criticized in 5A Moore's Federal Practice ¶ 45.07[2] at 45–70 to 45–75 (1975). It has been followed by at least one district court in the Fifth Circuit in *In Re North American Acceptance Corp.,* 21 F.R.Serv.2d 612 (N.D.Ga. 1975), wherein the court held that non-party Delaware corporations having their principal place of business in New York and local offices in Georgia could not be required to comply with deposition subpoenas issued in Georgia calling for the production of documents and witnesses designated pursuant to Rule 30(b)(6), where the documents and witnesses were located in New York and not under the "control" of the local offices. While the court found the corporations to be transacting sufficient business in the state of Georgia for it to maintain personal jurisdiction over them pursuant to the Georgia Long-Arm Statute, it noted that the offices maintained by the corporations in Georgia were small (one was staffed by only one person), or totally unrelated to the pending action. 21 F.R.Serv.2d at 613, 617 n. 5. The local offices did not "control" the documents kept at their respective corporate headquarters, 613 F.R.Serv.2d at 617, and so could not be compelled to produce them. This last argument has been raised by the Bureau in this case, that the Detroit Field Office does not control documents kept by the F.B.I. in other field offices or in its headquarters in the District of Columbia. The question, however, is not whether the Detroit Field Office controls documents located elsewhere, but, assuming these documents are in the control of the F.B.I., whether this court may compel the F.B.I. to produce them in this district, pursuant to a subpoena served upon the Bureau here.

In *Application of Johnson & Johnson,* 59 F.R.D. 174 (D.Del.1973), the court held that a subpoena directed to individuals who were also officers of non-party corporation could not compel those witnesses to submit to examination outside of their place of residence or corporation's principal place of business, and that even if notices of deposition and subpoenas were directed to the non-party corporation, this corporation would not be considered a party to the action for purposes of Rule 45 simply because it was the subsidiary of a corporation that was a party. Of course, where a subpoena has been directed to a non-party organization pursuant to Rule 30(b)(6), that organization may designate any officer, director, managing agent, or other persons who consent to testify

may not be ordered produced within the district does not necessarily follow from the statement that this determination is controlled by Rule 45(d)(2) and not Rule 30(b)(6). Rule 45(d)(2) provides:

> A resident of the district in which the deposition is to be taken may be required to attend an examination only in the county wherein he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of court. A nonresident of the district may be required to attend only in the county wherein he is served with a subpoena, or within 40 miles from the place of service, or at such other convenient place as is fixed by an order of court.

This rule defines where a person will be required to attend a·deposition, but does so within rather broad limits. In the instant case, the plaintiffs served their subpoena upon the Bureau in this district, and now seeks to depose the Bureau within the county in which it was served. Alternatively, this Rule provides that the Court may order a deposition to be taken at a place convenient to both the witness being deposed and the party seeking this pre-trial discovery. *Producers Releasing Corp. de Cuba v. PRC Pictures, Inc.*, 176 F.2d 93 (2nd Cir. 1949). A nonresident of the district may be ordered to appear at a place within the district and produce documents requested in conjunction with a deposition if, in the opinion of the Court, a location within the district would be a convenient place to take the deposition. The F.B.I. has suggested no more convenient place for the taking of its deposition and the production of documents than that suggested by the plaintiffs, namely, the office of the United States Attorney for the Eastern District of Michigan.

If service upon the F.B.I. within this district was valid, than the Bureau, and not just its Detroit Field Office, is required, pursuant to Rule 30(b)(6), to designate a person to attend the deposition to testify on behalf of the Bureau, and to produce the documents subpoenaed, including those located outside of the district. This is of particular importance where, as here, the head of the agency's local office may have no knowledge of, or be unable to produce on his own authority, the documents located outside the district or designate a person with knowledge of those documents to appear at the deposition. The threshold question is therefore one of jurisdiction.

Plaintiffs' subpoena was directed to the F.B.I. and not just to its Detroit Field Office. The Bureau was served in Detroit, but the subpoena seeks the production of documents in the custody of the Bureau whether or not those documents are located in Detroit. The location of the documents is of less importance than the jurisdiction of this Court over the agency having control of those documents. If this Court does have jurisdiction over the F.B.I. through the presence in this district of its field office in Detroit, then documents kept beyond the territorial jurisdiction of this Court are nonetheless within the range of this Court's subpoena power.

Personal jurisdiction over a witness served with a subpoena is obtained by the Court pursuant to Rule 45(c) which provides:

> A subpoena may be served by the marshal, by his deputy, or by any other person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fees for one day's attendance and the mileage allowed by law. When the subpoena is issued on behalf of the United States or an officer or agency thereof, fees and mileage need not be tendered.

Where the witness named in the subpoena is a natural person, the subpoena must be personally served upon that individual. *Ap-*

---

on its behalf, to appear at the deposition, regardless of where the deposition may be located. The choice of whom to designate is left up to the organization. Also, in the instant case,

unlike *Johnson & Johnson, supra,* the subpoena was not directed to one organization as the alter ego of another, but was served upon one part of a fully integrated whole.

*plication of Johnson & Johnson,* 59 F.R.D. 174, 177 (D.Del.1973). But where the witness named in the subpoena is a corporation, the subpoena may be served upon an officer, managing agent, or general agent of the corporation in a district within which the corporation has sufficient presence or 'contacts', *see, International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), to make it amenable to service of a subpoena duces tecum.[7] *See, In Re Electric & Musical Indus., Ltd.,* 155 F.Supp. 892 (S.D.N.Y.1957) (motion by British corp. to quash grand jury subpoena issued pursuant to Clayton Act § 13, 38 Stat. 736, 15 U.S.C.A. § 23 was denied since its activities within the district were sufficient to support service of process); *Elder-Beerman Stores Corp.· v. Federated Dep't. Stores, Inc.,* 45 F.R.D. 515 (S.D.N.Y.1968) (subpoena duces tecum issued in New York to compel production in New York of documents within control of a non-party corporation whose principal place of business was in Georgia and which maintained only a wholesale display room in New York staffed by one clerical employee upon whom subpoena was served was ordered quashed). As the court in *Elder-Beerman Stores, supra,* noted:

> A foreign corporation doing business in a district is subject to all process, including subpoena, in the district, and if the documents are required in response to a subpoena, the court has the power to order their production even though they are physically located outside of the jurisdiction.

45 F.R.D. at 516. Absent extraordinary circumstances not present in this case, this doctrine should extend to all Rule 30(b)(6) organizations including government agencies.[8] Once served with the subpoena the organization may, as the F.B.I. has done here, move as an entire organization to have it quashed or modified pursuant to Rule 45(b), or for protective orders under Rule 26(c), or it may serve objections to production of documents upon the attorney for the party seeking the documents, pursuant to Rule 45(d)(1). *See,* 5A Moore's Federal Practice ¶ 45.07[3] at 45–76 (1975). The F.B.I. has a large and active field office within this district. It has far more con-

---

7. The Federal Rules of Civil Procedure do not provide a special method to subpoena documents from the United States or an agency thereof. This is in contrast to the provision for service of process upon the United States, Fed. R.Civ.Pro. 4(d)(4), or upon an officer or agency of the United States, Fed.R.Civ.Pro. 4(d)(5), or *the provision which exempts the United States or an officer or agency thereof from the requirement of Rule 45(c) that witness fees and mileage costs be tendered with the subpoena.* Fed.R.Civ.Pro. 45(c). Rules developed in relation to private corporations and other organizations may therefore be helpful in determining if a government agency has sufficient "contacts" *with a district to make it amenable to service there* of a subpoena duces tecum. However, even if a district court outside of the District of Columbia has sufficient jurisdiction over the government agency to make service within the district of a subpoena issued by that court valid, the party seeking the documents may still be required by agency regulations to obtain them *from the agency head,* usually located in the District of Columbia. *6816.5 Acres of Land v. United States,* 411 F.2d 834, 839 n. 5 (10th Cir. 1969); *Harvey Aluminum (Inc.) v. N.L. R.B.,* 335 F.2d 749, 755 (9th Cir. 1974); *Marcoux v. Mid-States Livestock,* 66 F.R.D. 573 . (W.D.Mo.1975).

8. The Court finds that the F.B.I. is a "governmental agency" within the meaning of Rule 30(b)(6). Although actions brought under the Freedom of Information Act, as amended, 88 Stat. 1561, 5 U.S.C. § 552(a)(4)(B) (Supp. V 1975), to order the production of documents from the F.B.I. are brought against the Department of Justice or the Attorney General, 5 U.S.C. §§ 101, 551; 28 U.S.C. §§ 501, 503, 509, 534 (1970), *e. g. Koch v. Department of Justice,* 376 F.Supp. 313 (D.D.C.1974); *Stern v. Richardson,* 367 F.Supp. 1316 (D.D.C.1973), since the F.B.I. cannot sue or be sued in its own name, *LaRouche v. Kelley,* No. 75 Civ. 6010, Slip Op. at 4 (S.D.N.Y., Feb. 15, 1977) (Mem. Opin. & Order); *Jones v. Federal Bureau of Investigation* 139 F.Supp. 38, 41 (D.Md.1956), the question here is whether the Bureau has sufficient control over the documents in its possession to·make it the appropriate institutional deponent named in a subpoena pursuant to Rule 30(b)(6). The F.B.I. has not argued in this motion that it is not subject to Rule 30(b)(6), but rather, that the subpoena power of this Court is limited to the F.B.I.'s Detroit Field Office. The Court notes that the Bureau was possessed of enough institutional autonomy to have brought this motion to quash in its . own name.

tacts here, for example, than did the corporation in *Elder-Beerman Stores, supra,* with the district in which it was unsuccessfully subpoenaed. The number of F.B.I. personnel here, the wide scope of their activities, and the unitary structure of the organization, all lead this Court to conclude that service upon the Bureau in this district was proper, and the Court has jurisdiction to compel the production of documents within the custody and control of the Bureau though these documents may be located outside of the district.

▮ The Court finds unpersuasive the suggestion that a subpoena duces tecum issued pursuant to Rule 45(d)(1), directed to an institutional deponent pursuant to Rule 30(b)(6), and properly served upon that deponent pursuant to Rule 45(c) and (d), can compel the production of only those documents located within the judicial district at the time the subpoena is served.

A subpoena for the production of documents generally reaches all documents under the *control* of the person or corporation ordered to produce. It makes no difference that a particular document is kept at a place beyond the territorial jurisdiction of the court that issues the subpoena, if the subpoena itself is duly served within the limits prescribed in Rule 45(d) and (e); the test is one of control, not location. (emphasis in original; footnote omitted)

5A Moore's Federal Practice ¶ 45.07[1] at 45–63 (1975). The F.B.I. was the 'person' to whom plaintiffs' subpoena was directed. It would torture the meaning of Rule 45 to hold that it requires the plaintiffs to serve upon the Bureau in every federal judicial district where the requested documents might be located a separate subpoena duces tecum for their production. Rule 1 of the Federal Rules of Civil Procedure admonishes the courts to construe these rules so as "to secure the just, speedy, and inexpensive determination of every action." The only construction of Rule 45(d)(1) which is consistent with Rule 1 is that a subpoena duces tecum issued pursuant to Rule 45(d)(1) directs the deponent to produce for inspection

and copying the documents within its custody named in the subpoena regardless of where the documents are actually located.

When a subpoena is directed to the organization under the rule [Rule 30(b)(6)] as amended in 1971, and calls for the production of documents for inspection and copying, it seems to follow that the organization is required to produce them if they are within its custody or control, wherever they are located and no matter in whose personal custody they have been placed.

5A Moore's Federal Practice ¶ 45.07[2] at 45–75 (1975).

There has been no assertion by the F.B.I. that the documents sought by the plaintiffs are within the exclusive custody or control of the Director of the F.B.I. or of the Attorney General of the United States. Nor are there any applicable agency regulations, *see, e. g.,* 28 C.F.R. § 16.21 *et seq.* (1976), which the F.B.I. claims describe a procedure through which these documents must be obtained. Instead, the Bureau has merely claimed that some of the documents sought by the plaintiffs "are located in various areas throughout the United States". F.B.I. Br. at 2. The Court is therefore of the opinion that *Cates, supra,* and *Marcoux v. Mid-States Livestock,* 66 F.R.D. 573 (W.D.Mo.1975) (regional bank administrator would not be compelled to give testimony or produce documents in the custody and control of the Comptroller of the Currency when Comptroller had by regulation reserved to himself the authority to determine which documents should be released to public and proper procedure was to seek these documents directly from Comptroller in Washington, D.C.), are not on point with the case at bar.

▮ In light of the fact that the Sixth Circuit Court of Appeals has not yet ruled on the question presented in the instant case, and this Court is not bound by the decision of the Fifth Circuit in *Cates, supra,* since a district court is not bound by the decision of a Court of Appeals for another circuit, *United States v. Motte,* 251 F.Supp. 601, 605 n. 3 (S.D.N.Y.1966); *McLeod v.*

*Amer. Fed. of Television & Radio Artists, N.Y. Local,* 234 F.Supp. 832 (S.D.N.Y.1964); *Thompson v. Calamar Steamship Corp.,* 216 F.Supp. 234 (E.D.Pa.1963); *contra, Gustafson v. Wolferman, Inc.,* 73 F.Supp. 186, 192 (W.D.Mo.1947), this Court reads Rule 30(b)(6) and Rule 45 as requiring the F.B.I. to produce in this district all of the documents requested by the plaintiffs in their subpoena duces tecum, as modified, *infra,* subject only to any claim of privilege which the Bureau may assert and the court may uphold.

### III

 The F.B.I. further claims that plaintiffs' subpoena is burdensome and seeks information irrelevant to the pending action. The Court has discussed the relevance of plaintiffs' inquiries in previous orders entered in this case. *Ghandi v. Police Dep't. of Detroit,* No. 74–72019 (E.D.Mich., Nov. 9, 1976) (Mem. Opin. & Order Granting Discovery); *Ghandi v. Police Dep't. of Detroit,* No. 74–72019 (E.D.Mich., Dec. 7, 1976) (Mem. Opin. & Order Denying Federal Defendants' Motion to Reconsider). The Court granted plaintiffs' request to seek pretrial discovery of matters from 1968 to June 20, 1974, the date plaintiffs' claim arose as to the alleged unlawful break-in at their Detroit headquarters, and their request to seek pretrial discovery as to the as yet non-party National Caucus of Labor Committees and United States Labor Party. But the Court did not by these Orders authorize a general fishing expedition by the plaintiffs for any information which the defendants and the F.B.I. may have about them or their organizations. Rule 26(b) of

the Federal Rules of Civil Procedure provides for broad and extensive pretrial discovery, *Democratic Nat'l. Comm. v. McCord,* 356 F.Supp. 1394, 1396 (D.D.C. 1973), but within limits of relevance set by the rule itself:

> Parties may obtain discovery regarding any matter, not privileged, *which is relevant to the subject matter involved in the pending action* . . . It is not ground for objection that the information sought will be inadmissible at the trial *if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.* (emphasis added)

F.R.Civ.Pro. 26(b)(1). Nonetheless, the Court has serious reservations about the propriety of a non-party deponent moving to quash a subpoena duces tecum on the ground that the information sought is not relevant to the pending action.[9] It is not a party to the pending action and generally has no interest in the outcome. *Cooney v. Sun Shipbuilding & Dry-dock Co.,* 288 F.Supp. 708, 717 (E.D.Pa.1968); *Schutte & Koerting Co. v. Fisher Porter Co.,* 6 FR Serv. 45b.413, Case 2 (E.D.Pa.1942). While the F.B.I. does have an interest in the underlying litigation—the pending action arises out of claimed improprieties by F.B.I. agents in their alleged surveillance and infiltration of plaintiffs' organizations; F.B.I. agents and former Department of Justice officials are among the defendants; and the attorneys representing the F.B.I. on this motion are the same attorneys representing the federal defendants in the underlying action—as a third party deponent it is properly concerned only with whether the sub-

---

**9.** Objections as to relevance, when appropriate, are more properly raised by the service of objections upon the deposing party, pursuant to Rule 45(d)(1), than by a Rule 45(b) motion to quash. 5A Moore's Federal Practice ¶ 45.05[2] at 45–44 (1975). This procedure gives the deposing party the opportunity to decide whether he will seek a court order to compel the production of the documents or whether, upon reflection, the documents are really necessary to the prosecution of his suit. Rule 45(d)(1) provides in relevant part:

> The person to whom the subpoena is directed may, within 10 days after the service thereof or on or before the time specified in the subpoena for compliance if such time is less than 10 days after service, serve upon the attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. The party serving the subpoena may, if objection has been made, move upon notice to the deponent for an order at any time before or during the taking of the deposition.

poena is burdensome, oppressive, unreasonable or seeks the disclosure of confidential information. If a subpoena duces tecum does fall into one of these categories, it may be quashed, modified, or subject to a protective order, even though it seeks relevant information. *Hecht v. Pro-Football, Inc.,* 46 F.R.D. 605 (D.D.C.1969). The relevance of the documents sought may not overcome the unreasonableness of the request when the number of documents sought is great, the burden to the deponent of production is substantial, and the party seeking the documents has an alternative means of obtaining them.[10]

 The F.B.I. contends that production of the documents requested by the plaintiffs would be burdensome because it would be time consuming. F.B.I. Br. at 3–5. This does not constitute sufficient harm or embarrassment, *In Re Zuckert,* 28 F.R.D. 29, 31 (D.D.C.1961), or indicate such injurious consequences of compliance, 9 Wright & Miller, Federal Practice & Procedure: Civil § 2457 at n. 64, and cases cited therein (1971), as to require this Court to quash plaintiffs' subpoena. The subpoena should be modified, however, to reflect the fact that it cannot be used to seek voluminous information of interest to the plaintiffs but of little or no relevance to the pending action.

 The scope of discovery allowed and obtained in this case is of as much significance to the parties as the amount of damages which may be ultimately recovered. The plaintiffs seek to learn how much information the government has gathered about them and for what purpose; the defendants and the F.B.I. wish to limit plaintiffs' access to this information. The proper way to resolve this dispute is not through a subpoena duces tecum, but by an action brought under the Freedom of the Information Act, as amended, 88 Stat. 1561, 5 U.S.C. § 552(a)(4)(B) (Supp. V 1975).[11] Therefore, the Court will modify plaintiffs subpoena by striking from the List of Materials subpoenaed from the Federal Bureau of Investigation, paragraph one, which requests, "[a]ll files, documents, and other materials relating to the U.S. Labor Party and the National Caucus of Labor Committees from 1968 to June 20, 1974", and paragraphs four, six, nine, and eighteen.[12] The Court will further modify the subpoena by ordering that paragraph five be amended to read as follows: All documents, lists, written and/or published materials and other materials taken from the offices, homes and private meetings of the plaintiffs from 1968 to June 20, 1974.

The F.B.I. also claims that production of some of the documents requested by the

10. See n. 11, *infra.*

11. The F.B.I. states in footnote 5 of its brief that plaintiffs have requested much of the information they seek through this subpoena in a Freedom of Information action in the Southern District of New York. The F.B.I. indicates that the information sought in that suit is being processed for release. *LaRouche v. Kelley,* No. 75 Civ. 6010 (S.D.N.Y., Feb. 15, 1977) (Mem. Opin. & Order). The Court will therefore ask the parties to keep it appraised of the status of the action in New York. Of course, if the F.B.I. is already processing for release in New York the material requested by the plaintiffs in Detroit, it can hardly argue that the burden of producing the documents in Detroit is oppressive. Once the documents have been gathered and processed, it would seem that their production in another district would constitute only an incidental additional expense and effort.

12. These paragraphs read as follows:
4. All reports filed by informants of the Federal Bureau of Investigation relating to the U.S. Labor Party, the National Caucus of Labor Committee (sic), their members, contacts and supporters from 1968 to June 20, 1974.
6. All reports and other materials filed by employees of the Federal Bureau of Investigation relating to the U.S. Labor Party, the National Caucus of Labor Committees, their members, contacts and supporters from 1968 to June 20, 1974.
9. Any and all policy statements, directives and memoranda by the Federal Bureau of Investigation relating to informants relating to the U.S. Labor Party, the National Caucus of Labor Committees, their members, contacts and supporters from June 20, 1974.
18. Any and all directives, guidelines, policy statements, memorands, etc. relating to members of the National Caucus of Labor Committees, the U.S. Labor Party, their members, contacts and supporters from 1968 to June 20, 1974.

plaintiffs would be "virtually impossible" because the plaintiffs have insufficiently identified the information sought. F.B.I. Br. at 3. If the Bureau cannot in good faith determine from plaintiffs' List of Materials subpoenaed whether or not it has the information requested, or if in fact it does not have the information requested, it should so inform the plaintiffs when it responds to the subpoena.

### IV

In footnote four of its brief in support of its motion to quash, the F.B.I. requests that the Court order the plaintiffs to pay the reasonable cost to the F.B.I. of the production of the documents requested. The advancement of costs provision of Rule 45(b)(2) is committed to the sound discretion of the courts. *United States v. Int'l. Bus. Machines Corp.*, 62 F.R.D. 526 (S.D.N.Y.1974). This request will be denied without prejudice. The F.B.I. may move for an assessment of costs against the plaintiffs after the documents have been produced for the plaintiffs' inspection and copying. At that time the Court will decide whether the cost of production was an unreasonable burden which should not be borne by the government.

### V

The Bureau has indicated that it reserves a right to assert a claim of privilege as to some of the documents sought by the plaintiffs. Such privileged information would include investigatory records, internal government deliberations, state secrets, and a privilege against revealing the names of informants. F.B.I. Br. at 5–6. A suggestion that the government may assert a claim of privilege if a subpoena is not quashed is not grounds to quash the subpoena. *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966). A claim of privilege as to any document must be asserted by the Director of the FBI or by the Attorney General of the United States, *Kinoy v. Mitchell*, 67 F.R.D. 1, 11 (S.D.N.Y.1975), with the exception that a claim of informant's privilege may be asserted by the F.B.I.'s attorney. *Kinoy v. Mitchell, Id.,* at n. 36. Should a claim of privilege be asserted by the Bureau in objections served upon the plaintiffs pursuant to Rule 45(d)(1), the Court may order an *in camera* inspection of the documents.

### VI

IT IS THEREFORE ORDERED:

THAT plaintiffs' subpoena duces tecum of February 8, 1977, be, and the same hereby is, modified by striking paragraphs one, four, six, nine, and eighteen from the List of Materials Subpoenaed From the Federal Bureau of Investigation;

THAT paragraph five of plaintiffs' List be modified to request all documents, lists, written and/or published materials and all other materials taken from the offices, homes, and private meetings of the plaintiffs;

THAT the F.B.I. be, and the same hereby is, ordered to respond to plaintiffs' subpoena duces tecum by producing for inspection and copying at the place named in the subpoena at the time named in the subpoena upon the date indicated below the documents requested in paragraphs two, three, five, seven, eight, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, and seventeen of plaintiffs' List of Materials, or serve upon plaintiffs' attorney specific objections to said production within ten (10) days of the entry of this Order;

THAT plaintiffs' subpoena duces tecum of February 8, 1977, be and the same hereby is, modified to change the date of compliance therein from February 23, 1977, to March 28, 1977;

That, except to the extent indicated herein, the F.B.I.'s motion to quash plaintiffs' subpoena duces tecum be, and the same hereby is, denied.