### NEWMARK v. ABEEL et al.

United States District Court
S. D. New York.
June 17, 1952.

See also 102 F.Supp. 993.

Morris Newmark, New York City, plaintiff, in person.

Lowe, Dougherty, Hart & Marcus, New York City, for certain defendants.

SUGARMAN, District Judge.

Defendants, Eastern Cutter Corporation, L.T.S. Cutter Corporation and Tool, Sales & Service, Inc., move for an order (a) quashing certain subpoenas duces tecum, and (b) suppressing evidence obtained by the plaintiff by means thereof.

The plaintiff, a layman conducting this suit in *propria persona,* obtained subpoenas duces tecum addressed respectively to Otis Elevator Company, Todd Shipyards Corp., Reiner Machine Corp. and The Instrumentool Corp. from the Clerk of this

court. These subpoenas required the companies on which they were served, although not parties to the instant action to produce records and other documents at the United States District Court for examination by the plaintiff. Prior to the return date, each of the four recipients of such subpoenas made available to the plaintiff substantial evidence in lieu of attending at court under their respective subpoenas.

Plaintiff does not deny that he was aware that his use of these subpoenas was not in accordance with orthodox practice, and in open court on the argument of this motion, he stated that fees were not tendered the witnesses, apparently believing that a studious avoidance of any semblance of propriety in the use of this process would shield him from the results of his misconduct.

■ There is no authority for the service of a subpoena duces tecum on a person not a party for purposes of discovery, in the absence of the taking of a deposition,[1] and therefore these subpoenas duces tecum are irregular and must be quashed.

As to the second branch of the motion, there is ample authority for granting the relief sought.

■ The court has wide disciplinary powers over counsel and litigants who abuse its process.[2] It also has inherent power to take appropriate steps to protect against such abuse.[3] Although the plaintiff appears in this litigation in person, he is a Certified Public Accountant and in the preparation of his papers and the argument before the court exhibited an understanding of the Rules. The court is convinced that what the plaintiff did was by design and not the result of the misuse of the court's process through ignorance. The court is satisfied that the plaintiff used the subpoena process improperly and deliberately attempted to shield himself from the effect of this abuse by neglecting to pay subpoena fees. Had an attorney done what this plaintiff did, he would have been subjected to severe censure.

This plaintiff should not be permitted to benefit, merely because he appears in person, from the improper use of the court's process. He may not enjoy the fruits of his own misconduct.

Accordingly, the motion to suppress is granted and no evidence obtained by plaintiff through his misuse of process of this court will be considered, without prejudice, however, to plaintiff's obtaining the same or similar evidence according to the regular practice.

Settle order.

On Motion to Dismiss.

■ Acme File and Rasp Co., Inc., moves to dismiss the amended complaint herein on the grounds that (1) this court lacks jurisdiction over defendant Acme File and Rasp Co., Inc.; (2) this action is not laid in the proper venue; and (3) process in this action has been improperly served on said defendant Acme File and Rasp Co., Inc.

In view of the court's decision of companion motion No. 45 suppressing evidence tending to show that the action is laid in the proper venue obtained by plaintiff through abuse of process, no consideration will be given to such evidence submitted by plaintiff on this motion and no other sufficient evidence being offered in opposition, the motion is granted.[1]

Settle order.

On Motion for Production.

Plaintiff moves, pursuant to Fed.Rules Civ.Proc., rule 34, 28 U.S.C.A., for an order requiring certain defendants herein and certain customers of these defendants and others to produce "all their books and records whatsoever and permit Plaintiff to Inspect, copy and photograph same, showing any and all business transacted in the Southern District of New York" during a period of over fourteen months in 1951 and

---

1. Moore's Federal Practice, 2d Ed., § 45.-07, p. 1731.

2. Pueblo de Taos v. Archuleta, 10 Cir., 64 F.2d 807.

3. 21 C.J.S., Courts, § 88, p. 138.

1. 28 U.S.C.A. § 1406(a).

1952, and to "further permit the Plaintiff * * * to inspect and copy" orders, confirmations thereof, invoices, shipping receipts, cash records, and all other books and documents and all records showing all business transactions within the Southern District of New York.

This motion is made on notice to only three defendants, although others have been served with process in this action.

█ Defendants, Eastern Cutter Corporation, L.T.S. Cutter Corporation and Tool, Sales & Service, Inc., on whom notice of this motion was served, oppose the motion on the grounds (1) proper notice has not been given to all other parties; (2) plaintiff seeks discovery and inspection of records in the control of persons not parties to the action, and (3) plaintiff has not shown "good cause".

Defendants' grounds (1) and (2) are well founded[2] and the motion is denied, without prejudice to plaintiff's properly bringing on a new motion in compliance with Fed.Rules Civ.Proc. rule 34.

No decision of the question whether plaintiff has shown good cause is made because if another similar motion is hereafter brought on by plaintiff, the other parties notified may then offer proof on that issue.

#### On Motion to Quash.

Defendants, Eastern Cutter Corporation, L.T.S. Cutter Corporation and Tool, Sales & Service, Inc., move for an order quashing a certain subpoena duces tecum served by plaintiff on R. Hoe & Co., Inc. This subpoena directed R. Hoe & Co., Inc., not a party to this action, to produce certain records at the United States District Court for inspection by plaintiff. This motion is based on the ground that a pre-trial subpoena duces tecum for discovery and inspection is available to a party only when directed to another party or when the documents and records sought are to be produced by a witness in the course of examining that witness by deposition.[3]

The objection is well founded and the subpoena duces tecum served upon R. Hoe & Co., Inc. is quashed.

Settle order.

2. Moore's Federal Practice, 2d Ed., § 34.05, pp. 2435 and 2436.

3. Fed.Rules Civ.Proc. rules 34 and 45, 28 U.S.C.A.; Moore's Federal Practice, 2d Ed., § 45.07, p. 1729.