Thomas McLEAN, Plaintiff,

v.

PRUDENTIAL STEAMSHIP CO., Inc.,
Defendant.

Booker T. WHITFIELD, Plaintiff,

v.

PRUDENTIAL STEAMSHIP CO., Inc.,
Defendant.

Sidney CLEARY, Plaintiff,

v.

PRUDENTIAL STEAMSHIP CO., Inc.,
Defendant.

James C. McNAIR, Plaintiff,

v.

PRUDENTIAL STEAMSHIP CO., Inc.,
Defendant.

Civ. A. Nos. 4481–4482–4484–4485.

United States District Court
E. D. Virginia,
Norfolk Division.

Jan. 28, 1965.

**422**

Kelsey & Rabinowitz, Norfolk, Va., for plaintiffs.

Seawell, McCoy, Winston & Dalton, John W. Winston, Norfolk, Va., for Prudential SS Co.

Rixey & Rixey, William B. Eley, Norfolk Va., for C. E. Brake.

WALTER E. HOFFMAN, Chief Judge.

The important procedural question presented in these cases may be stated as follows:

> Is it proper for a party to request the Clerk—and may he demand action by the Clerk without order of Court—to issue a subpoena duces tecum under Rule 45(b) of the Federal Rules of Civil Procedure, requiring the production of documents at a stated time and place without giving notice to any other party in the action and without any thought of taking the deposition of the individual served with the subpoena duces tecum?

The background of these cases may be summarized briefly. Each plaintiff is a longshoreman and, on the day in question, was employed by a stevedore engaged in loading or unloading operations relating to the vessel owned and operated by defendant. Each plaintiff claims damages for injuries sustained and each complaint contains the customary causes of action alleging negligence on the part of the officers, agents or employees of the shipowner and the unseaworthiness of the vessel.

After process had been issued and the defendant-shipowner appeared [1] counsel for the plaintiffs requested the Clerk to issue a subpoena duces tecum directed to one C. E. Brake, requiring Brake to appear at the Clerk's office at a given time and place and to bring with him all tapes

---

1. In argument, it seems immaterial whether the defendant-shipowner had appeared. If Rule 45(b) is to be interpreted as plaintiffs contend, the request for a subpoena duces tecum could have been made as soon as the action was filed.

and/or recordings of statements made by various witnesses following the alleged accident.[2] The request for the subpoena duces tecum was ex parte and without notice to the attorney for the defendant-shipowner.

The Clerk declined to issue the requested subpoena duces tecum under Rule 45 (b) without prior authority from the Court. When the matter was brought to the attention of the Court, and after a telephone conversation with the attorney representing the plaintiffs, the Court arranged for a conference between counsel for the plaintiffs and the defendant-shipowner. The attorneys for the plaintiffs insist that the defendant-shipowner was not entitled to be heard on the question of the issuance of the subpoena duces tecum. In the presence of both counsel, the Court communicated with Brake to ascertain his reaction to the subpoena duces tecum, if the same were authorized. Brake requested that counsel for Liberty Mutual Insurance Company be advised of the procedural aspects of these cases then before the Court.

 With the growth of third-party proceedings, especially in the field of longshoreman-shipowner-stevedore relationships, we must take cognizance of the fact that, in the vast majority of litigated cases, the ultimate responsibility for payment rests upon the stevedore. Certainly this is true in the Fourth Circuit where the cases are legion. However, there is no right on the part of the longshoreman to sue the stevedore directly[3] as the rights of the longshoreman against the stevedore are governed by the Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 901 et seq. And so, the longshoreman, performing services traditionally done by seamen, is permitted to sue the shipowner for negligence and/or unseaworthiness. In due time, the stevedore is brought into the proceeding as a third-party defendant under the stevedore's warranty of workmanlike service. Thus, the longshoreman recovers from the shipowner and the shipowner is indemnified by the stevedore. Even as to actions involving unsuccessful efforts of recovery on the part of a longshoreman, the stevedore is nevertheless obligated to indemnify the shipowner for the latter's attorney's fee and expenses, if there is a breach of warranty of workmanlike service and a "potential" liability on the part of the shipowner. American Export Lines v. Norfolk Shipbuilding & Dry. Corp., 4 Cir., 336 F.2d 525. Manifestly, with this history of third-party litigation it must be said without fear of contradiction, that the stevedore is very much interested in litigation surrounding claims such as presented by these four plaintiffs. Once having been brought into the case, the stevedore then becomes a "party" and is subjected to the usual processes of discovery.

If the plaintiffs herein had proceeded by way of attempting to take Brake's deposition, this would have required a notice to counsel for the shipowner. While we may assume that Brake would

---

2. C. E. Brake is the claims manager for the Liberty Mutual Insurance Company, the compensation insurance carrier for the stevedore. Brake concedes that certain statements were taken. We are not presently concerned with any issue as to whether these records would have to be produced in the normal process of discovery under Rule 34, Federal Rules of Civil Procedure.

3. An exception to the general rule is found in the ad hoc decision of Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L. Ed.2d 448, where the stevedore was also the shipowner pro hac vice. The limiting effect of Reed v. The Yaka is noted in Italia Soc. per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 325, 84 S.Ct. 748, 11 L.Ed.2d 732, footnote 2, in a comment by Mr. Justice Black who was the author of the majority opinion in Reed v. The Yaka. The same counsel for the plaintiffs here have, unsuccessfully thus far, attempted to prevail in civil actions brought by shipyard workers against their employers where the injury occurred at, on, or near a "vessel" owned by the shipyard.

have objected to producing the recordings —and perhaps requested relief under Rule 45(b) or Rule 45(d), the latter referring to the protective provisions of Rule 30(b)—the entire matter would at least have been brought to the attention of the Court.

■■ Under Rule 34 providing for the production of documents, etc., for the purpose of inspection and copying, "good cause" must be shown by the movant. Guilford National Bank of Greensboro v. Southern R. Co., 4 Cir., 297 F.2d 921. Cf. Schlagenhauf v. Holder, 1964, 85 S.Ct. 234. While the technical language of Rule 45(b), applicable to one not a party to the litigation, lends support to the argument of plaintiffs' counsel, one must adopt a realistic approach to the overall problem. For example, if plaintiffs are correct, the "good cause" requirement of Rule 34, applicable to the *parties*, would be eliminated in a large number of cases by the process of issuing a subpoena duces tecum directed to a claims investigator whose name and address may have been known to counsel for a plaintiff. If A sues B, and B gives a statement to X, the claims investigator for B's liability insurance carrier, A, according to plaintiffs' theory, could reach B's statement by directing a subpoena duces tecum to X, without giving any notice to B or his counsel. While undoubtedly such a subpoena duces tecum would then be delivered to B's attorney in his capacity as attorney for B's liability insurance carrier, counsel for these plaintiffs urge that, since X is not a party, the only ground for relief would be for X to show that the subpoena is "unreasonable and oppressive".[4] But if the original or copy of B's statement was in the possession of B or his counsel, "good cause" for the production would have to be shown under Rule 34 and, as Judge Sobeloff said in Guilford National Bank of Greensboro v. Southern R. Co., supra, "good cause" is not equated with relevancy.

■ While this Court admires the ingenuity of counsel, we think it clear that when Rule 45 is being used for the sole purpose of discovery—as was attempted in this case—Rule 45 and Rule 34 must be read in pari materia. If not so read, it stands to reason that the words "unreasonable and oppressive" must be given an interpretation contrary to that advanced by plaintiffs.

Great reliance is placed upon Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, decided in 1911, many years prior to the adoption of the Federal Rules of Civil Procedure, and long prior to the introduction and progress in the field of discovery. The Court there stated (221 U. S. 372, 31 S.Ct. 541):

"While a subpoena duces tecum ordinarily contains the ad testificandum clause, this cannot be regarded as essential to its validity. The power to compel the production of documents is, of course, not limited to those cases where it is sought merely to supplement or aid the testimony of the person required to produce them. The production may be enforced independently of his testimony, and it was held long since that the writ of subpoena duces tecum was adequate for this purpose.

\* \* \* \* \* \*

"Treating the requirement to produce as separable from the requirement to testify generally what one knows in the cause, it follows that the latter may be omitted from the subpoena without invalidating the former. This course does not impair any right either of the opposing party or of the person responding to the subpoena. The latter may still have

---

4. A further ground under Rule 45(b) is that the Court may condition the denial of the motion upon the advancement of costs of production. This is no problem to the average attorney. Indeed, in the present case, counsel for plaintiffs were willing to pay all costs of production, etc.

the opportunity to which he has been held entitled (Aiken v. Martin, [11 Paige 499], supra), of showing under oath the reasons why he should not be compelled to produce the document. For this right does not depend upon the ad testificandum clause, but is incident to the requirement to produce."

In Wilson, as in Essgee Co. of China v. United States, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917, we are concerned with the production of certain corporate records for presentation to a federal grand jury charged with the responsibility of investigating alleged crimes. Nevertheless, Professor Moore relies upon Wilson in 5 Moore's Federal Practice, par. 45.05, p. 1716, where he says:

"A subpoena for the production of documentary evidence, commonly known as a subpoena duces tecum, is essential to the functioning of the judicial machinery. While it ordinarily contains an ad testificandum clause, that clause is not essential to its validity; nor does the presence of that clause oblige the party requiring the production to have the person producing the documents sworn as a witness. On request, a party is entitled to have the clerk issue a subpoena duces tecum, like a subpoena ad testificandum, in blank."

■ Under the more modern practice, local rules are established requiring the specification of documents and exhibits to be used at the trial of the case. In this Court, extensive pretrial orders are entered several weeks prior to the actual trial, at which time all exhibits, documents, etc. are stated therein, except where the exhibits, documents, etc. are to be used solely for rebuttal purposes, the necessity for which could not be readily determined prior to trial. We think that the times and procedures have changed since the 1911 decision in Wilson, and while we do not disagree with the logic in the cases relied upon by plaintiffs, we can only state that where the purpose of resorting to Rule 45 is for discovery—as it admittedly was in these four cases—the Clerk was correct in not issuing the subpoena duces tecum without an order of Court.[5]

■ It is well settled that a *party* proceeding under Rule 45(b) against another *party* cannot avoid the "good cause" requirement of Rule 34. The two sections of the Federal Rules of Civil Procedure must be read in pari materia, and it would be little short of ridiculous to hold that the Clerk had greater power to require the production of documents than that possessed by the Court itself. Moreover, Rule 34 falls within the category of "Discovery" whereas Rule 45 is under the heading "Trial". It is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45.

■ It is, of course, true that neither Brake nor the stevedoring concern for whom he conducted the investigation were *parties* to the litigation at the moment the subpoena duces tecum under Rule 45(b) was requested. The stevedore was, however, a party in the sense that it had warranted the performance of workmanlike service to the defendant-shipowner. The record discloses that these four cases are typical in that the defendant would, within a matter of days, file a third-party complaint against the stevedore.[6]

---

5. By direction of the Court the subpoena duces tecum was subsequently issued in order that an appropriate motion to quash could be interposed; thereby obviating the necessity of mandamus and to permit the issue to be raised in an orderly manner. The end result is the same in any event.

6. The Court directed that all pleadings be maintained in status quo to permit the interested parties to take such steps as may be necessary on an appeal from an interlocutory order.

We believe that the intent and purpose of Rule 45(b) was to aid in the actual trial, i. e., in the giving of depositions or the taking of testimony as far as a civil case is concerned. We agree with District Judge Sugarman who, in Newark v. Abeel, et al., D.C., 106 F.Supp. 758, stated:

"There is no authority for the service of a subpoena duces tecum on a person not a party for purposes of discovery, in the absence of the taking of a deposition, and therefore these subpoena duces tecum are irregular and must be quashed."

Indeed, Newmark is the only authority directly in point touching the issue now before the Court.

If, as plaintiffs argue, Rule 45(b) has no application to a person not then a party to the litigation, and such person has only the right to show that the subpoena is "unreasonable and oppressive", then Rule 45(d) (1) is meaningless where it makes the subpoena subject to the protective order provisions of Rule 30(b) and "subdivision (b) of this Rule 45." Rule 30(b) prescribes certain things which the court may do "[a]fter notice is served for taking a deposition by oral examination." If the plaintiffs are permitted to proceed ex parte, in these and other cases, not only will the normal processes of discovery be destroyed but also the protective provisions of Rule 30(b) will be to no avail. In short, the person thereby served with a subpoena duces tecum under Rule 45(b) will be faced with the alternative of presenting the documents or contending that the subpoena is "unreasonable and oppressive." While we think that the subpoena is "unreasonable" under the peculiar facts of this case, it is certainly not "unreasonable or oppressive" as this term is generally accepted.

Counsel for Brake will prepare and present an order quashing the subpoena duces tecum heretofore served upon the witness, and the Clerk will be guided accordingly in future proceedings under Rule 45(b) where the obvious purpose of resorting to Rule 45(b) is for discovery.

As this ruling touches important procedural aspects relating to the operation of district courts, the Court will certify that the matter is appropriate for an appellate review from an interlocutory order. If the appellate review is declined, the Court will assume the correctness of its ruling.