**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York,
Civil Division.

April 6, 1976.

Kendall, Randle, Finch & Osborn, Austin, Tex., for movant.

Cravath, Swaine & Moore, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge:

This memorandum is occasioned by the motion of Robert L. Brueck, president of MRI Systems Corporation and a nonparty in this antitrust litigation, for an order quashing or modifying or alternatively providing protection against a subpoena duces tecum served upon him by defendant International Business Machines Corporation [hereinafter referred to as IBM] on December 23, 1975.

Preliminarily, the court must adjudicate the motion of Mr. Brueck's counsel for permission to appear in this action for the purpose of "presenting motions for protective orders of the Court against subpoenas

which the defendant International Business Machines Corporation has obtained from the Clerk of this Court." Mr. Brueck's attorneys state that they are admitted to practice in the courts of the state of Texas and the United States District Court in and for the Western District of Texas. Their motion for admission *pro hac vice* is hereby granted pursuant to Local General Rule 3(c).[1]

Mr. Brueck is scheduled to be called as a witness for the United States and has been twice deposed by IBM. He bases his opposition to the instant subpoena on the grounds that: (1) the subpoena is within Rule 45(d) of the Federal Rules of Civil Procedure [2] and since he timely objected to it IBM must move for an order for inspection; (2) the documents sought are not within Mr. Brueck's possession, custody, or control; (3) the documents contain confidential information and are therefore entitled to protection from the subpoena; (4) production would be unduly burdensome and expensive; and (5) the court is without the power to order that documents located in one judicial district be delivered to a second district in which the court is located under a "discovery" subpoena. Mr. Brueck's contentions will be considered seriately.

(1) *Whether the instant subpoena is within Rule 45(d).*

Mr. Brueck asserts that since discovery in this case is continuing while the trial is underway and since IBM intends to use the documents sought to prepare itself for Mr. Brueck's cross-examination and not necessarily for introduction into evidence the subpoena is one for "discovery." A "discovery" subpoena duces tecum, Mr. Brueck argues, is within Rule 45(d) which provides that if the person to whom the subpoena is directed serves timely objections the party serving the subpoena must seek an order for inspection. Since Mr. Brueck has served timely objections and IBM has not moved this court for an order for inspection Mr. Brueck concludes that he need not comply with the subpoena.

In response to this line of argument, IBM states in a footnote that because the subpoena is for trial preparation it is a trial subpoena and hence within Rule 45(e) and that in any event "all questions concerning the enforceability of the subpoena are placed before the Court." [3]

The court agrees with IBM's conclusion that the instant subpoena is a trial subpoena and not within Rule 45(d).[4] That rule addresses subpoenas duces tecum in connection with depositions and neither authorizes nor addresses subpoenas duces tecum which are unconnected to a deposition proceeding such as that served on Mr. Brueck.[5] Nothing in the Rules or the case law limits a trial subpoena to demanding documents which are to be introduced at trial or excludes documents to be used in the preparation of a particular witness' testimony. The court concludes that the instant subpoena was for trial and that therefore IBM need not move for an order for inspection.

(2) *Whether Mr. Brueck has control of the documents.*

On January 5, 1976, thirteen days after Mr. Brueck was served with the IBM subpoena, the MRI Board of Directors adopted the following resolution:

> to consider the motion on its merits appears to overlook the fact that were the court to consider the instant papers as relating to such a motion the burden of proof would be on IBM rather than on Mr. Brueck.

---

1. Rules of the United States Courts for the Southern and Eastern Districts, New York, General Rule 3(c).

2. Fed.R.Civ.P. 45(d).

3. Memorandum in Opposition at 3 n.**.

4. IBM's alternate suggestion that since all of the issues which would be presented in a motion for an order for inspection are now before the court that the court should simply proceed

5. *Newmark v. Abeel,* 106 F.Supp. 758 (S.D.N.Y. 1952); *McLean v. Prudential Steamship Co.,* 36 F.R.D. 421 (E.D.Va.1965); 5A *J. Moore, Federal Practice* 45–78 (2d ed. 1975).

RESOLVED that, it having been brought to the attention of the Board of Directors that Robert L. Brueck has been called as a witness in the case of *United States v. International Business Machines Corporation,* and further that subpoenas have been issued by IBM which purport to require Robert L. Brueck to deliver private papers of MRI Systems Corporation and other private and confidential papers, it is here resolved that Robert L. Brueck not be given access to such papers as may be required in such subpoena or subpoenas that may be issued and he is hereby directed as a condition of his employment not to reveal either orally or by producing copies of instruments the information required in subpoenas issued in the above referenced case by IBM, and that he be denied access to the records of the company except in the discharge of his employment duties.[6]

Mr. Brueck argues that this resolution deprives him of access to the documents sought by the IBM subpoena and that therefore he is "powerless" to comply therewith.[7]

■ Mr. Brueck is correct in his assumption that a subpoena is enforceable only as to documents within the possession, custody, or control of the subpoenaed person. He is incorrect, however, in his assertion that the MRI Board resolution effectively deprived him of control. That resolution, though threatening to discharge Mr. Brueck if he complies with the subpoena, does not deprive him of access and control "in the discharge of his employment duties." Mr. Brueck continues to hold the position of president of MRI [8] and thus continues to have control for employment purposes of the MRI documents. That Mr. Brueck continues to have such control is sufficient to require his compliance with the subpoena.[9]

■ Even had the MRI Board resolution effectively denied Mr. Brueck control of the subpoenaed documents, IBM would still be entitled to the documents sought. A subpoena duces tecum seeking corporate documents directed to an individual who is an officer or director of a corporation acts to create an obligation upon the corporation— through those who manage and direct the corporation—to produce the documents sought.[10] Since MRI as well as Mr. Brueck was under an obligation to comply with the subpoena [11], the MRI Board resolution appears to be "no more than an attempt to evade this court's lawful process," [12] and does not provide a legitimate basis for the instant motion to quash.

---

6. Affidavit of Howell Finch at 1–2.

7. Memorandum in Support at 5–6. Given Mr. Brueck's position at MRI the court might well question whether the Board resolution was passed without his participation or acquiescence. The papers before the court are not helpful in this regard.

8. Affidavit of Robert L. Brueck ¶ 1.

9. Moreover, since the question of control must be determined at the time of service, *see F. T. C. v. Blaine,* 308 F.Supp. 932 (N.D.Ga.1970), it is unlikely that a mere declaration like that of the MRI Board could retroactively relieve Mr. Brueck of his obligation under the subpoena. Of course, a different conclusion might necessarily result where the documents are physically removed between service of the subpoena and the date set for compliance despite the good faith efforts of the person subpoenaed to comply.

10. *Shaughnessy v. Bacolas,* 135 F.Supp. 15 (S.D.N.Y.1955); *see United States v. Fleisch-*

*man,* 339 U.S. 349, 70 S.Ct. 739, 94 L.Ed. 906, *rehearing denied,* 339 U.S. 991, 70 S.Ct. 1017, 94 L.Ed. 1391 (1950). In light of prior appearances by Mr. Brueck on behalf of MRI and the government's intent to question him with regard to the business of MRI, *Affidavit of George Vradenburg III* ¶ 2, neither the fact that the subpoena was addressed to Robert L. Brueck, MRI Systems Corporation with no specification of his position at or representation of MRI nor the fact that the enabling order of May 20, 1975 (Pretrial Order No. 22) literally authorized service on Mr. Brueck rather than on MRI persuades the court that the instant subpoena was not validly directed to Mr. Brueck at least in part as a representative of MRI.

11. *Wilson v. United States,* 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911).

12. Memorandum in Opposition at 5.

(3) *Whether the documents are entitled to a protective order as containing confidential information.*

■ Mr. Brueck argues that serious commercial injury will result to MRI if IBM or its attorneys obtain the information contained in the documents sought and that those documents can not conceivably have been sought for any legitimate purpose. Although the court does not have the demanded documents before it, it appears at this time that those documents would be clearly relevant to Mr. Brueck's testimony.[13] Ample protection from any possible competitive injury is provided by Amended Pretrial Order No. 13, the provisions of which are hereby extended to trial subpoenas duces tecum in this case.[14]

(4) *Whether compliance with the subpoena is so burdensome and expensive as to require modification or quashing.*

■ Mr. Brueck asserts that compliance with the IBM subpoena would take MRI from three to six months and cost MRI tens of thousands of dollars. This burden, he argues, should lead the court to quash IBM's subpoena. As IBM correctly points out, the burdens alleged by Mr. Brueck are not unlike the burdens of cost and inconvenience alleged by other nonparties in this case which this court has found unpersuasive in light of the size and significance of this antitrust litigation.[15] Neither that the instant subpoena is for trial rather than for deposition nor any particular facts alleged by Mr. Brueck lead the court to a different result here and to quash IBM's subpoena. Mr. Brueck argues elsewhere[16] that he should not be required to deliver the demanded documents to New York. IBM was apparently prepared before this motion was filed to take production in Austin, Texas[17] and is still not adverse to so doing.[18] The court therefore modifies the subpoena to require production in Austin, Texas. Additionally, paragraph 7 of the subpoena demanding "[a]ll documents from or to the Department of Justice, a representative thereof or the Computer Industry Association" is overly broad and its hereby limited to communications relating to this litigation. The court also urges IBM to take all reasonable steps to minimize the remaining burden upon Mr. Brueck and MRI.

(5) *Whether the court has the power to order production in New York.*

Mr. Brueck argues that in spite of 15 U.S.C. § 23 (1970) that this court is without the power to order delivery of documents located in one judicial district to a second judicial district pursuant to a "discovery" subpoena. Because of the court's prior modification and its determination that the subpoena is for trial, this contention need not be considered at this time.

Mr. Brueck's motion is, except as to the modifications specified, denied.

SO ORDERED.

---

13. Affidavit of George Vradenburg III ¶ 6. Mr. Brueck does not specifically address paragraph 7 of the subpoena which requires documents which are clearly of less relevance than are those required by the rest of the subpoena and which requires modification. See *infra.*

14. The court is not of the opinion that MRI is entitled to any protection against any possibility of harm resulting from disclosure to IBM counsel beyond the affidavit requirement of Amended Pretrial Order No. 13 ¶ 5.

15. *See, e. g.,* 62 F.R.D. 507 (S.D.N.Y.1974); 62 F.R.D. 526 (S.D.N.Y.1974); 66 F.R.D. 186 (S.D.N.Y.1974); 18 F.R.Serv.2d 1060 (1974).

16. Memorandum in Support at 5–6 (regarding the power of the court to compel delivery in New York).

17. Affidavit of George Vradenburg III ¶ 7.

18. Tr. of March 23, 1976 at 15125.