E. MITCHELL and CAROLE WEISS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weiss v. Commissioner
Docket No. 2291-81.
United States Tax Court
T.C. Memo 1983-132; 1983 Tax Ct. Memo LEXIS 656; 45 T.C.M. (CCH) 964; T.C.M. (RIA) 83132; March 14, 1983. E. Mitchell Weiss, pro se. Willie Fortenberry, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency in petitioners' income taxes for the year 1977 in the amount of $3,240.81 and an addition to tax under section 6653(a) [1] of $162.04. The deficiency was determined with respect to an amended return filed by petitioners on which they excluded from gross receipts reported on Schedule C the sum of $6,368.62 reported on their original return for 1977. In addition to rejecting the attempted exclusion of gross receipts, respondent disallowed medical expenses, interest expenses, and automobile expenses claimed; recomputed the self-employment tax; and determined that the resulting underpayment was due to negligence or *657 intentional disregard of rules and regulations. FINDINGS OF FACT Petitioners, husband and wife, resided in Fern Park, Florida, at the time the petition herein was filed. Petitioners timely filed a 1977 joint income tax return with the Internal Revenue Service Center in Atlanta, Georgia. On January 9, 1979, petitioners filed an amended return on Form 1040X. Schedule C on each return reported income earned by petitioner E. Mitchell Weiss from real estate sales. The amended return differed from the original return by reason of exclusion from gross receipts reported on Schedule C of the sum of $6,368.62. The explanation appearing on the amended return stated: Person who did Original Return just added up checks from Fireside Realty and issued a 1099 for Total. This was in error, as I used other income and savings to lend to the corporation to keep it solvent the first few months. These reductions reflect the removal of most of the above mentioned loans. The exclusion of gross receipts also affected the amount of *658 self-employment tax reported and the amount of medical expense claimed on the amended return. Prior to and during 1977, petitioners owned all corporate stock in Fireside Realty Company, Inc. (Fireside Realty). Prior to and during 1977 and through the date of trial, petitioner E. Mitchell Weiss was president, principal officer and a director of Fireside Realty. In the notice of deficiency dated November 7, 1980, respondent determined that petitioners' gross receipts were $22,412.91, as reported on their original return, instead of $16,044.29, as reported on their amended return for 1977. Respondent disallowed claimed automobile expense deductions of $5,850, medical expense deductions of $1,108.56, and interest of $4,820.87, all of which had been claimed on the original return and incorporated into the amended return. Respondent redetermined the amount of self-employment tax reported as $1,303.50, the maximum self-employment tax payable for the year 1977. Respondent also determined a 5 percent addition to tax as set forth above. After the petition was filed herein, respondent made several attempts to secure informally documentary evidence relating to the items in dispute. *659 On May 26, 1982, respondent filed a Motion For Order Compelling The Petitioners To Produce Documents Or To Impose Sanctions Under Rule 104, Tax Court Rules Of Practice And Procedure. On June 15, 1982, the Court granted respondent's motion insofar as it requested an order directing petitioners to produce documents and ordered petitioners to produce and make available the requested documents to respondent's counsel on or before June 29, 1982, and set for hearing at trial that portion of respondent's motion requesting sanctions. On June 15, 1982, the Court, Judge C. Moxley Featherston, sent a letter to petitioners informing them of the ruling on respondent's motion to compel production of documents. Said letter also stated: The file indicates that respondent is insisting that petitioners produce all documents that they have to substantiate the disputed transactions, and the discovery rules are designed to compel production of such materials. The Court's experience has been that, once documentation to substantiate deductions or disputed transactions is produced, respondent will concede or stipulate the amounts which are substantiated, thereby eliminating the necessity for a trial *660 of those issues. The books and records of Fireside Realty, Inc., reflecting commission payments to petitioner and loan transactions with petitioner in 1977 (Requests 6, 7, 8, 9, 10) would be subject to a subpoena duces tecum requiring their production at the trial. We note that paragraph 7 of the stipulation of facts proposed by petitioner states that "Petitioner E. Mitchell Weiss, prior to, during and subsequent to 1977 was President and principal officer of Fireside Realty, Inc." It appears, therefore, that petitioners could produce the records of that company prior to trial for the purpose of preparing a stipulation of facts or working out a settlement of those issues. Those records should, therefore, be produced. We note that the issues here presented are of the type usually settled. We trust that the parties will fully explore settlement. It is important to bear in mind that the burden of proof rests with petitioners. This means that they must substantiate in court the disallowed deductions and the income determinations that they have disputed. Rather than try to present testimony on each issue, the Court expects the parties to stipulate all facts which are not, or *661 reasonably should not be, in dispute. The Court wishes, if at all possible, to avoid imposing sanctions for failure to comply with its production order. But if compliance, or a reasonable effort to comply, is not had, the Court will be required to follow the rules. Petitioners did not maintain any records of their automobile mileage driven during 1977 or documentation indicating automobile expenses incurred during 1977. They did not retain records relating to the claimed medical expense or interest paid during 1977. They refused to produce books and records of Fireside Realty reflecting payments made to petitioners during 1977. There were no written loan agreements between petitioners and Fireside Realty. During 1977 petitioner E. Mitchell Weiss earned income from real estate and insurance sales and incurred automobile expense in relation to such business activities.
As of December 31, 1976, petitioners' residence was encumbered by a debt in favor of Tucker Brothers, Inc., in a principal balance of $37,868.82. During 1976, petitioners paid $317.79 principal and $2,964.28 interest on that debt. The debt was not paid off or renegotiated during 1977, and petitioners continued *662 to pay interest thereon during 1977. OPINION Because of petitioners' refusal to produce the corporate records of Fireside Realty, at the time of trial the Court made an order precluding documentary evidence with respect to the purported loans made by petitioners to Fireside Realty and the alleged repayment of the loans to petitioners during 1977. This order was made after petitioners refused an offer to allow them to cure their prior violation of the Court's order of June 15, 1982. Petitioners persisted in their frivolous contention that it was the obligation of respondent to secure such records from petitioners' solely owned corporation, of which Mr. Weiss was the president and a director, notwithstanding the Court's warning that they had the ability and obligation to produce those records and the necessity to do so in order to carry their burden of proof with respect to the disputed gross receipts. [2] Petitioners also contended that it was respondent's burden to verify the claimed medical and interest deductions from third parties identified by petitioners in an affidavit previously provided by petitioners to respondent. *663 A statutory notice of deficiency is ordinarily presumed correct, and it is the taxpayer who bears the burden of persuasion (the ultimate burden) and the burden of going forward with the evidence. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Income tax deductions are matters of legislative grace, and petitioners are required to maintain and present for examination books and records sufficient to establish their rights to the deductions claimed. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Interstate Transit Lines v. Commissioner,319 U.S. 590 (1943); section 6001. Where petitioners present no evidence other than their assertion that their return was correct when filed and offer no substantiation of their sworn statement as to the deductions, respondent's determination is ordinarily sustained in total. See Wilkinson v. Commissioner,71 T.C. 633 (1979). Moreover, petitioners' failure to submit evidence that is available to them justifies as inference that the evidence, if produced, would not substantiate their claims. Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946). *664 Petitioners erroneously rely on Weimerskirch v. Commissioner,596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977). That case, however, involves an exception to the above-cited rules, established with respect to narcotics dealers, gambling operators, and perhaps others determined to have received unreported income. See Jackson v. Commissioner,73 T.C. 394, 401 (1979). Whatever the parameters of Weimerskirch v. Commissioner,supra, may be, it simply is not applicable to the facts herein involving an adjustment to gross receipts and the disallowance of various deductions.
With respect to interest expense, petitioners did produce at trial a statement showing interest of $2,964.28 paid during the prior tax year and the balance of $37,868.82 on the debt as of the end of the prior tax year. Mr. Weiss testified that the mortgage had not been paid off during 1977 and that the interest rate on the loan was between 7-3/4 and 8-1/4 percent. That testimony certainly would not confirm the amount of $4,000.42 claimed on petitioners' return for 1977.Mr. Weiss also testified that his total mileage on several cars owned *665 during the taxable year was "well over 60,000"; that he subtracted "around 20 percent or so" for personal use; and that during the taxable year the distance between home and office was approximately 15 miles each way. He worked 6 days a week and covered a geographical area consisting of two counties, each of which was approximately 15 miles by 30 miles, and the total square mileage was approximately 800 square miles. On their tax returns, petitioners showed "Total Auto 56000" miles and deducted 48,000 miles (15,000 miles at $ .18 per mile and 33,000 at $ .10 per mile). Because Mr. Wiess' testimony is somewhat inconsistent with the deductions of interest and auto expense claimed, we cannot totally rely on his statements. We have little sympathy for petitioners. They failed to keep adequate records as required by the regulations or to produce them when requested by respondent; they refused to obey a Court order; and they obstinately rejected several attempts of the Court to correct their misimpressions of the law and to assist them in understanding what was necessary to meet their burden of proof. They apparently chose to rely on other advice from an unknown source, and they were *666 unfortunately misadvised. Their present predicament is of their own making. See Schellenbarg v. Commissioner,31 T.C. 1269, 1277 (1959); Estate of Wilson v. Commissioner,2 T.C. 1059, 1086 (1943). We are, however, compelled to apply our "experience with the mainsprings of human conduct to the totality of the facts" in this case.See Commissioner v. Duberstein,363 U.S. 278, 289 (1960). [3] We believe that petitioners did pay mortgage interest expense during the year in question and that Mr. Weiss incurred local auto expenses in his business. Under the circumstances the Court's responsibility is to "make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making. But to allow nothing at all appears to us inconsistent with saying that something was spent." Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930); Gestrich v. Commissioner,74 T.C. 525, 531 (1980), affd. in an unreported decision 681 F.2d 805 (3d Cir. 1982). [4] We therefore allow petitioners an interest deduction of $2,900 and business auto expense of $2,160. *667 Petitioners' failure to keep records with respect to their income and deductions is contrary to regulations, section 1.6001, Income tax Regs., and in itself negligence. See Schroeder v. Commissioner,40 T.C. 30, 34 (1963). Although they attempted to show that the records had at one point existed, they did not adequately explain the failure to retain or keep in the first instance those records. The addition to tax under section 6653(a) must be sustained.
Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
2. They disobeyed the Court's order of June 15, 1982, supra, as well as a trial subpoena served on Mr. Weiss by respondent. It is, of course, appropriate and preferred practice to compel production of corporate records by service of process on an officer, and it was proper to do so here. See United States v. Fleishman,339 U.S. 349, 353 n. 4 (1950); Wilson v. United States,221 U.S. 361, 374 (1911); United States v. International Business Machines Corp.,71 F.R.D. 88↩ (S.D.N.Y. 1976).
3. See also Finch v. Commissioner,T.C. Memo. 1981-233↩. 4. See also Holland v. Commissioner,T.C. Memo. 1982-428↩.