**Rev. Joseph J. TURNER, S.D.S.**

v.

**Mr. J.L.G. PARSONS, Medical Center Director.**

**Civ. A. No. 84–1340.**

United States District Court, E.D. Pennsylvania.

Oct. 3, 1984.

Rev. Joseph J. Turner, pro se.

Joseph M. Masiuk, Asst. U.S. Atty., Philadelphia, Pa., for defendant Parsons (director-VA Hosp.).

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this Court is plaintiff Reverend Turner's motion to compel a non-party Archbishop Ryan, to produce certain documents. Additionally, plaintiff seeks to have the Court hold Archbishop Ryan in contempt for his failure to answer the subpoena. Reverend Turner is not seeking Archbishop Ryan's deposition, and relies upon Fed.R.Civ.P. 45 for authority for the motions.

Archbishop Ryan, through counsel, has responded to plaintiff's motion. He has asserted that the subpoena is defective and without effect for several reasons: (1) that Archbishop Ryan was served in his individual capacity rather than in the capacity as president (agent) of the Military Vicariate, a New York Religious Corporation (Note: The documents are the property of the Military Vicariate, not personal property of the Archbishop's); (2) that the Archbishop is outside the 100 mile limit of the subpoena power; (3) that the subpoena should have been issued by an auxiliary court, namely, the United States District Court for the Southern District of New York; (4) that no fee had been forwarded to Archbishop Ryan as required by Fed.R.Civ.P. 45; (5) that the subpoena was improper because the plaintiff had solely requested documents, not in conjunction with a deposition or trial.

To dispose of this motion, I need only address the last argument presented by the Archbishop.

Fed.R.Civ.P. 45(a) discusses the content of a subpoena for a witness while subdivision (b) states that a subpoena *"may* also command the person to whom it is directed to produce the books, papers..." (emphasis added). Certainly, this rule permits a non-party to be subpoenaed for a deposition. Additionally, this non-party can be required to bring certain documents to a deposition. Nowhere in the rule is it stated that documents can be subpoenaed alone, that is, without requesting their production in conjunction with a deposition or trial.

In *Taylor v. Litton Medical Products, Inc.,* 19 Fed.R.Serv.2d 1190, 1193 (D.Mass. 1975), the court held: "that the defendant cannot subpoena documents for the purpose of inspection and investigation with the view to eventually subpoenaing them to a trial or deposition or other legal proceeding." In *Newmark v. Abeel,* 106 F.Supp. 758, 759 (S.D.N.Y.1952). The court held: "There is no authority for the service of a subpoena duces tecum on a person not a party for purposes of discovery, in the absence of the taking of a deposition, and therefore these subpoenas duces tecum are irregular and must be quashed." *See also Dart Industries v. Liquid Nitrogen Processing Corp. of Calif.,* 50 F.R.D. 286 (D.Del.1970); *Ghandi v. Police Dept. of the City of Detroit,* 74 F.R.D. 115 (E.D. Mich.1977); *McLean v. Prudential Steamship Co.,* 36 F.R.D. 421 (E.D.Va.1965).

Here plaintiff has subpoenaed documents alone, for the purpose of discovery. Indeed, plaintiff's motion to compel Archbishop Ryan to produce certain documents is against the great weight of authority. Although Archbishop Ryan has not made a motion to quash the subpoena, this Court has the inherent power, on its own motion to quash a subpoena that is irregular. *Taylor, supra; Newmark, supra.* In conclusion, plaintiff has failed to meet the standard for a subpoena for documents pursuant to Fed.R.Civ.P. 45, and the subpoena is quashed on this Court's motion.