**D. Steven BOWERS and Deanne Bowers, his wife; Dempsey Bateman and Karen Bateman, his wife; Jeffrey Bowers and Barbara Bowers, his wife, Plaintiffs,**

v.

**Wayman W. BUCHANAN, Defendant.**

**Civ. A. No. A:85–0622.**

United States District Court, S.D. West Virginia, Parkersburg Division.

June 11, 1986.

Thomas C. Evans, III, Spencer, W.Va., for plaintiffs.

William Crichton, V, Burk & Bayley, Parkersburg, W.Va., for defendant.

MEMORANDUM OPINION
AND ORDER

HADEN, Chief Judge.

Pending is the motion of a nonparty to this litigation, Leroy Hopkins, for an order

quashing a subpoena duces tecum issued by the Clerk of this Court on April 29, 1986. The parties have briefed the issue and the Court deems the same mature for decision.

The ostensible reason for serving the subpoena duces tecum on Hopkins was to examine his income tax returns. During his deposition Hopkins apparently admitted that while in the employ of the Defendant he had received gifts from one of the Plaintiffs and from other independent contractors. Defense counsel believes that this information will be relevant to Hopkins' credibility as a witness at trial. Counsel represents that Hopkins at first promised to produce his income tax returns but now refuses to do so. The subpoena duces tecum directed Hopkins to bring his income tax records to the offices of defense counsel.

■ Hopkins challenges the regularity of the subpoena. He also points out that the fees for one day's attendance and the mileage allowed by law have not been tendered as required by *Rule* 45(c). This fact is of itself a valid ground for this Court to quash the subpoena. Nevertheless, the Court will also address briefly the regularity of the subpoena as this situation is capable of repetition.

The witness, Hopkins, argues that since the subpoena duces tecum was not issued in connection with trial or a deposition, it is outside the authority of *Rule* 45. While the rule is certainly not as clear as it could be, all of the recently reported cases discovered by the Court's research support Hopkins' interpretation of the rule. *Turner v. Parsons*, 596 F.Supp. 185 (E.D.Pa. 1984); *Ghandi v. Police Dept. of City of Detroit*, 74 F.R.D. 115 (E.D.Mich.1977); *U.S. v. International Business Machines Corp.*, 71 F.R.D. 88 (S.D.N.Y.1976); *Mc-Lean v. Prudential S.S. Co.*, 36 F.R.D. 421 (E.D.Va.1965); *Newmark v. Abeel*, 106 F.Supp. 758 (S.D.N.Y.1952). These cases

stand for the proposition that a subpoena duces tecum is limited to use in conjunction with a deposition and trial.

One reason for the restrictive interpretation is the potential for abuse of the subpoena. The subpoena invokes the power of the Court and, therefore, has the capacity to disrupt the lives of nonparties. A procedure which allowed parties to send out subpoenas duces tecum at will could result in a form of one-sided discovery. In this vein, the requirement that a notice of deposition be filed prior to issuance of a deposition subpoena duces tecum serves as a brake on runaway use of the instrument. Likewise, the practical requirements of trial have a natural depressant effect on the overzealous use of subpoenas and can weed out marginal utilization. Therefore, the Court follows the teaching of the above cited cases and finds the subpoena served upon Hopkins to be irregular.*

■ Hopkins also requests that the Court enter a protective order forbidding the Defendant from attempting in the future to gain access to his personal financial affairs by way of subpoena or otherwise. The Court declines to enter such an order. Based upon the representations of defense counsel, the Court believes that the requested information is relevant or could lead to the discovery of admissible evidence. The future production of said documents must, of course, conform with the directives of *Rule* 45 and this Order.

■ Finally, counsel for Hopkins requests an award of attorney fees for the time expended in moving to quash the subpoena. In considering this request, the Court is unwilling to characterize defense counsel's actions as "reprehensible" or "unethical". The Court reminds counsel for Mr. Hopkins that the latter promised to supply the Defendant with his tax returns during his deposition. Hopkins deposition at 83. Balancing this last fact against the

* The Defendant relies upon *Wilson v. U.S.*, 221 U.S. 361 (1911) to support the contention that a subpoena duces tecum can be used independently of a deposition. That case, however, was decided before the Federal Rules of Civil Procedure were adopted and, therefore, was expressly not followed by the *McLean* court.

fact that the subpoena duces tecum was improperly utilized, the Court concludes that a fee award of $250.00 is an appropriate sum to compensate Hopkins for the expense reasonably incurred in quashing the subpoena. Accordingly, the Defendant is ORDERED to pay that sum to Leroy Hopkins or his counsel, as is appropriate, within fourteen days of the date this Order is entered.

The Court also ORDERS that the subpoena issued by the Clerk of this Court on April 24, 1986, directed to Leroy Hopkins is hereby quashed and of no effect.