James J. RICHARDSON, Plaintiff,

v.

STATE OF FLORIDA, Desoto County, Florida, Frank Schaub and Frank Cline, Defendants.

No. 89–1068–CIV–T–10C.

United States District Court,
M.D. Florida,
Tampa Division.

June 12, 1991.

Nancy K. Donnellan, Roger L. Young, De Manio & Young P.A., Sarasota, Fla., Mark Lane, Washington, D.C., for plaintiff.

Arthur C. Wallberg, Dept. of Legal Affairs, Tallahassee, Fla., Robert M. Fournier, Fournier, Pretschner & Rowell, P.A., Sarasota, Fla., Gary A. Vorbeck, Vorbeck & Vorbeck, P.A., Arcadia, Fla., Lyndi Gordon, Salem, Saxon & Nielsen, Tampa, Fla., Julius F. Parker, Jr., Jennifer P. Lavia, Parker, Skelding, McVoy & Labasky, Tallahassee, Fla., Robert F. Nunez, Nunez & Deakyne, St. Petersburg, Fla., Keith C. Tischler, Powers, Quaschnick & Tischler, Tallahassee, Fla., John M. Strickland, Livingston, Patterson & Strickland, P.A., Sarasota, Fla., for defendants.

## ORDER

ELIZABETH A. JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of plaintiff's Motion to Exclude Exhibits of Defendant Schaub and Compel (Dkt.113) and defendant Schaub's response to the motion. (Dkt.116) For the reasons set forth below, the Magistrate Judge grants the motion to compel and denies the motion to exclude exhibits without prejudice.

### I

Plaintiff, James J. Richardson (Richardson), states that defendant Schaub's attorney has subpoenaed documents from third parties, including Western Union, without providing notice to the plaintiff. Plaintiff requests that the court order the defendant to disclose the existence of any other discovery materials obtained without notice to the plaintiff.

Defendant admits that it issued subpoenas duces tecum which were not in conjunction with the taking of depositions to non-parties, but argues that no notice must be provided to opposing parties under Federal Rule of Civil Procedure 45. Furthermore, defendant states that all Western Union documents were sent to plaintiff's counsel immediately following pre-trial and that the parties stipulated on November 27, 1990 to provide each other with any documents in their possession, without the necessity of formal motions or requests for production.[1]

### II

■ Defendant's contention that a subpoena may be issued to a non-party solely for the production of documents and without notice to the opposing party is not supported by the language of the Federal Rules of Civil Procedure (Federal Rules). Under Rule 45(a), a subpoena may be issued to a non-party to "attend and give testimony at a time and place therein specified." Rule 45(a), Fed.R.Civ.P. The subpoena "may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein." Rule 45(b), Fed.R.Civ.P.

■ The language of Rule 45, which allows a subpoena for deposition to "also command" the person to produce books, papers, etc. clearly contemplates that the production of documents by a non-party is to be in conjunction with attendance at a designated place and time to give testimony. There is nothing in Rule 45 which states a subpoena duces tecum for the production of tangible evidence may be served

---

1. Defendant also contends that plaintiff failed to meet the good faith certification requirement of Local Rule 3.04. While placing one phone call and merely leaving a message will not ordinarily satisfy the good faith requirement, the enforcement of this rule will be suspended in this one instance, under Local Rule 1.01(c), because it is necessary to address the issue of conducting *ex parte* discovery. This is a situation which is capable of repetition should discovery be reopened in this case, per defendant Schaub's pending motion before this court, because defendant apparently has the erroneous belief that he is not required to give notice to the other party when issuing subpoenas to non-parties under Rule 45.

on a person who is not a party to the action, in the absence of the taking of a deposition.[2] Therefore, lower courts have held that such discovery subpoenas to produce documents only are irregular and must be quashed. *See Bowers v. Buchanan*, 110 F.R.D. 405, 406 (S.D.W.Va.1986); *Turner v. Parsons*, 596 F.Supp. 185, 186 (E.D.Pa.1984); *Ghandi v. Police Dept. of the City of Detroit*, 74 F.R.D. 115, 118 n. 3 (E.D.Mich.1977); *McLean v. Prudential Steamship Co.*, 36 F.R.D. 421, 426 (E.D.Va. 1965); *see also United States v. International Business Machines Corp.*, 71 F.R.D. 88, 90 (S.D.N.Y.1976).

It is true that the Supreme Court in *Wilson v. United States*, 221 U.S. 361, 372, 31 S.Ct. 538, 541, 55 L.Ed. 771 (1911) held that the "ad testificandum" clause is not necessary to the validity of a subpoena duces tecum, and that the production of papers by a person may be enforced independently of his testimony. However, the *McLean* court refused to apply *Wilson* where a party issued a subpoena duces tecum to a person, in the absence of a deposition and without giving notice to any other party, because *Wilson* was decided many years prior to the Federal Rules of Civil Procedure. *McLean*, 36 F.R.D. at 424–425. However, *Wilson* can also be distinguished from the present case on another basis.

The subpoena duces tecum for the production of documents in *Wilson* was issued by a grand jury to the United Wireless Telegraph Company. *Wilson*, 221 U.S. at 370, 31 S.Ct. at 540. There was no other party involved, so the Supreme Court did not need to reach the issue of whether a subpoena which is solely used for production of documents may be properly issued to a person who is not a party in the case without notice to other parties. The issuance of a grand jury subpoena for production of documents from a witness, at issue in *Wilson*, involves different concerns

than the issuance of a subpoena in a civil adversarial proceeding. It is these concerns which are at the heart of the Federal Rules.

The Federal Rules were designed to facilitate civil litigation and are to be "construed to secure the just, speedy, and inexpensive determination of every action." Rule 1, Fed.R.Civ.P. The discovery rules may be broadly interpreted to effectuate their purpose that "civil trials in federal courts no longer need to be carried on in the dark." *Schlagenhauf v. Holder*, 379 U.S. 104, 115, 85 S.Ct. 234, 241, 13 L.Ed.2d 152 (1964), *quoting, Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947).

The issuance of an *ex parte* subpoena destroys the normal processes of discovery. *McLean*, 36 F.R.D. at 426. Mutual knowledge of all the relevant facts by both parties is essential to proper litigation. *Hickman*, 329 U.S. at 507. To this end, an *ex parte* discovery subpoena does not assist the "just, speedy and inexpensive" resolution of the litigation. Rule 1, Fed.R.Civ.P.

There is a potential for abuse of a subpoena for production which is issued to a third person without notice to the opposing parties. This concern was addressed by the *Bowers* court, in discussing why a subpoena duces tecum was properly limited to use in conjunction with a deposition and trial under the present Rule 45:

> A procedure which allow(s) parties to send out subpoenas duces tecum at will could result in a form of one-sided discovery. In this vein, the requirement that a notice of deposition be filed prior to issuance of a deposition subpoena duces tecum serves as a brake on runaway use of the instrument.

*Bowers*, 110 F.R.D. at 406. One-sided discovery raises concerns about fairness to opposing parties and the person who is subject to the subpoena, as well as about

---

**2.** The Magistrate Judge also notes that Rule 45 has been amended, effective December 1, 1991, to specifically permit a party to issue a subpoena for the production of evidence separately from the subpoena to appear at a hearing or deposition. *Amendments to the Federal Rules of*

*Civil Procedure*, 59 U.S.L.W. 4347, 4350 (May 7, 1991). This further supports the conclusion that Rule 45, in its present form, does not permit a subpoena duces tecum to be issued separately from a subpoena for testimony.

the efficient administration of the court system.

The conduct of litigation, to the extent possible, must proceed in a manner which is fair to everyone concerned. When a party issues a discovery subpoena to a non-party to produce documents, without notifying the other parties to the litigation of this fact, it creates a situation which is unfair to the person who is subject to the subpoena, as well as opposing counsel.

There is a potential for the non-party to be subjected to numerous subpoenas to produce the same documents at different places and times by multiple parties to the same lawsuit. Even if the subpoenaed person utilizes Rule 45(d) to object to subsequent productions on the grounds that the repetitious requests are burdensome, this will not cure the problem of inconvenience to that person. Although he has already produced the documents once, he would, at a minimum, be required to go to the trouble of objecting to the subsequent subpoenas and might even be required to produce those same documents again pursuant to court order. Rule 45(d), Fed.R.Civ.P.

Opposing counsel who are not notified that the other party has subpoenaed documents connected with the case may not have timely access to relevant documents if the person chooses to turn them over to the party who issued the subpoena, instead of merely permitting the party to copy and inspect them. Also, opposing counsel may not be fully apprised of all the factual issues in the case if they are not notified about document production which may be relevant.

The argument that other parties should not benefit from another party's diligence and foresight in obtaining the discovery ignores the basic purpose of the Federal Rules, which is to secure the just, speedy and inexpensive resolution of the litigation. *Ex parte* discovery subpoenas in a civil adversarial context generate additional, unnecessary work for the court system, which may be forced to issue multiple subpoenas in order to allow each party to a suit access to the same documents, when that access could have been achieved in a single trans-

action. Also, judicial time and resources may be wasted by motions to compel production of documents which have been obtained by another party through an *ex parte* discovery subpoena and which should have been made available to the other parties in a timely manner. Additionally, *ex parte* discovery subpoenas may create delays in the litigation process itself, as parties are not apprised of all the factual issues in the case in a timely manner.

These concerns demonstrate why notice should be given to other parties when documents are subpoenaed from non-parties. The provision of notice is required under the present Federal Rules because a subpoena duces tecum cannot be issued separately from the command to appear and give testimony, and Rule 30(b) provides that the party must give reasonable notice in writing to every other party to the action if testimony is to be given at a deposition. This notice must also identify any materials which are to be produced, as set forth in the subpoena. Rule 30(b), Fed.R.Civ.P. Consequently, it is inherent in Rule 45 that notice be given to another party when documents are to be obtained from a person who is not a party to the action.

Although the amended version of Rule 45 will permit a subpoena to produce evidence to be issued separately from a subpoena to appear and give testimony, after its effective date of December 1, 1991, the same notice requirement should continue to govern. This is in keeping with the purpose of the Federal Rules, which is to facilitate the "just, speedy, and inexpensive" resolution of litigation. Rule 1, Fed.R.Civ.P.

The United States Supreme Court has stated that the Federal Rules may be liberally construed, as long as they are not expanded by disregarding plainly expressed limitations. *Schlagenhauf,* 379 U.S. at 121, 85 S.Ct. at 244. There is nothing in the Federal Rules which would prohibit the court from limiting the use of *ex parte* discovery subpoenas in a civil adversarial proceeding, where it is contrary to the basic premise of the Federal Rules.

## III

Plaintiff also requests that all exhibits which defendants obtained by *ex parte* discovery subpoenas issued without notice to the plaintiff be excluded at trial. In view of the fact that the court is ordering the defendants to produce this evidence, and plaintiff has not alleged any prejudice as a result of the delay in obtaining the discovery, the harsh remedy of exclusion is not warranted at this time. However, the motion to exclude is denied without prejudice to plaintiff renewing his motion after reviewing the documents.

It is, therefore, ORDERED:

(1) That plaintiff's Motion to Exclude Exhibits of Defendant Schaub and Compel (Dkt. 113) is GRANTED in part and DENIED in part as stated in the body of the order.

(2) That within ten (10) days of the date of this order, defendants shall provide all documents in their possession which were obtained from third parties pursuant to subpoenas issued without notice to the plaintiff and which have not been previously provided to the plaintiff;

(3) That no parties to this action shall issue a subpoena duces tecum to a third party for production of documents for delivery purposes in the future, without ten (10) days prior notice to opposing counsel;

(4) That all parties shall update their list of exhibits to be used at trial within twenty (20) days of the date of this order.

DONE and ORDERED.